# Southern Railway Co. *v.* Nelson.

*Action for Damages for Injury to Passenger.*

(Decided June 30th, 1906.  41 So. Rep. 1006.)

*Appeal; Judgment; Order Denying New Trial.*—Where an appeal is taken from a judgment granting a new trial, such judgment must appear in the record proper; but, where the appeal is from a judgment on the verdict of a jury, and the bill of exceptions shows a motion for a new trial, the overruling of such motion, and an exception reserved to this action of the court, there is such a judgment as will support an appeal, and on the appeal the ruling of the lower court denying the motion for new trial will be reviewed.

APPEAL from Limestone Circuit Court. .

Heard before HON. W. R. WALKER, Special Judge.

Action by William W. Nelson against the Southern Railway Company. From a judgment for plaintiff, defendant appeals. Reversed on rehearing.

MILTON HUMES and COOPER & FOSTER, for appellant. —The action of the court in this case was void as the record affirmatively discloses that the special judge was sitting in the place and stead of another person not the judge.—*Norton v. Shelby Co.,* 118 U. S. 446; *Hildreth v. McIntyre,* 19 Am. Dec. 61; *State v. Sherford,* 38 S. E. 808; Brown on Jurisdiction, p. 126; Mechem on Public Officers, §§ 322-327; 11 Cyc.; *State v. Taylor,* 23 Am. State. 51; *Dabney v. Hudson,* 24 Am. St. 270.

CALLAHAN & HARRIS, for appellee.—No brief came to the reporter.

DOWDELL, J.—The complaint as originally filed contained five counts, and was subsequently amended by the addition of two other counts. The cause was submitted to the jury on the first count; the remaining

counts having been eliminated or withdrawn. The first count proceeded upon the theory of a breach of duty by the defendant as a common carrier to the plaintiff while the latter was being transported as a passenger on one of its trains. This count sufficiently avers the relationship of passenger and carrier, as also the duty owing to the plaintiff for the alleged breach of which damages are claimed. In such case the relationship of carrier and passenger being averred, it is not necessary to allege that the servant or agent who violated the duty imposed by law on the defendant to its passenger was acting within the scope of his authority at the time of the alleged breach of duty.—*Birmingham Railway & Electric Co. v. Baird,* 130 Ala. 334, 30 South. 456.

The demurrer to the first count of the complaint was properly overruled. The contention of counsel for appellant that there was no breach of duty on the part of the railroad company, for that the appellee, Nelson, was carried safely and expeditiously between the termini of his journey, is without merit. The carrier owes to its passenger something more than the duty of safe and expeditious carriage to the passenger's point of destination. As was said in *Birmingham Railway Company v. Baird, supra*: "As to them (the passengers), the contract of carriage imposes upon the carrier the duty, not only to carry safely and expeditiously between the termini of the route embraced in the contract, but also the duty to conserve by every reasonable means their convenience, comfort, and peace throughout the journey. And this same duty is, of course, upon the carrier's agents. They are under the duty of protecting each passenger from avoidable discomfort and from insult, from indignities, and from personal violence. And it is not material whence the disturbance of the passenger's peace and comfort and personal security and safety comes or is threatened. It may be from another passenger or from a trespasser, or other stranger, or from another servant of the carrier, or a fortiori from the particular servant upon whom the duty of protection peculiarly rests. In all such cases the carrier is liable in damages to the injured passenger." Here the wrong complained of was that the defendant's conductor, while the plaintiff was

yet a passenger on defendant's train, falsely charged that the plaintiff had refused to pay his fare for his carriage as a passenger on said train, and upon arriving at the point of plaintiff's destination, viz., the city of Huntsville, immediately upon the plaintiff alighting from the car pointed him out to the police officers for the purpose of having him arrested. The relationship of passenger and carrier is not necessarily terminated by the safe transportation of the passenger to the carrier's depot or station at the destination of the passenger's journey, and not until the passenger has had a reasonable time after disembarking from the train to leave the depot premises of the carrier.—2 Am. & Eng. Ency. Law (1st Ed.) 745. Here the alleged insult, indignity, or wrong complained of was perpetrated upon the plaintiff by the defendant's conductor immediately upon the plaintiff alighting from the train at the defendant's station or depot in the city of Huntsville. The relationship of carrier and passenger had not at this time been terminated. It is alleged, and there is evidence tending to support the allegation, that the defendant's conductor accused or charged the plaintiff with having ridden on the train from Decatur to Huntsville and with refusing to pay his fare, and was instrumental in procuring the arrest of the plaintiff on said charges. If the accusations were false, then there can be no doubt of the wrong perpetrated by the defendant's servant, and that it was such an indignity, insult, and injury to the plaintiff as might fix a liability on the defendant.—*Birmingham Ry. & Electric Co. v. Baird, supra; A. G. S. R. R. Co. v. Tania,* 94 Ala. 232, 10 South. 236. There was evidence which tended to support each and every allegation in the first count of the complaint; and while there was a conflict in the evidence, yet the weight of the evidence in favor of the defendant was not so great as to justify us in holding that the trial court committed an error in overruling the defendant's motion for a new trial.

The pleas of the defendant, which were stricken from the file on the motion of the plaintiff, set up no matters of defense which were not available under the plea of the general issue. Consequently there was no injury to

[Southern Railway Co. v. Nelson.]

the defendant in striking the pleas. Error without injury constitutes no ground for reversal.—*Sou. Ry. Co. v. Wilson,* 138 Ala. 510, 35 South. 561. It was open under the evidence for the jury to find that the plaintiff's fare for his transportation from Decatur to Huntsville was paid to and accepted by the conductor. It is immaterial what the amount paid was if it was accepted by the conductor as fare for passage of the plaintiff. This created the relationship of passenger and carrier. There was, therefore, no error in the giving of the charge requested by the plaintiff.—*A. G. S. R. R. Co. v. Yarbrough,* 83 Ala. 241, 3 South. 447, 3 Am. St. Rep. 715; 2 Wood's Railroad Law, pp. 1038, 1039, and note. If the defendant supposed that this charge had any misleading tendency, it could have been avoided by the asking of an explanatory charge. There was no error in the refusal of written charges 8, 14, and 19, requested by the defendant.

We have considered the questions raised on the admission and rejection of evidence, and we are unable to see that the trial court committed any error in its rulings. It follows, therefore, there being no reversible error in the record, the judgment of the circuit court should be affirmed.

(On Rehearing.)—WEAKLEY, C. J., and HARALSON, SIMPSON, and ANDERSON, JJ., are of the opinion that the verdict is so contrary to the great preponderance of the evidence and to the reasonable and natural inferences to be drawn therefrom that they are unwilling to affirm the judgment, and accordingly hold that a new trial should have been granted.

TYSON, DOWDELL, and DENSON, JJ., adhere to the original opinion, and hold that the motion for a new trial was properly overruled.

Reversed and remanded.

WEAKLEY, C. J.—The appellee has applied for a rehearing upon the ground that this court is without jurisdiction to review the action of the circuit court in over-

ruling the motion for a new trial; and this contention rests upon the fact that no formal judgment of the circuit court overruling the motion appears either in the bill of exceptions or record proper. We have held in several cases, where an appeal purports to be taken from a judgment granting a motion for a new trial, that such judgment must appear in the record proper; otherwise there is nothing to support the appeal. Where, however, as in this case, an appeal is taken from the judgment on the verdict of the jury, and the bill of exceptions shows a motion for a new trial, the overruling of such motion, and an exception reserved to the action of the court, there is a judgment to support the appeal; and on the appeal from the judgment on the verdict the ruling of the lower court denying a new trial may be reviewed, without any formal order or judgment in the bill of exceptions or otherwise.—*Wilk v. Key, Simmons & Co.,* 117 Ala. 285, 23 South. 6, Code 1896, § 434.

Application for rehearing overruled. All the Justices concur.