# Turner *v.* Spragins.

## *Ejectment.*

(Decided April 3, 1911. 55 South. 118.)

1. *Appeal and Error; Judgment; New Trial; Bill of Exceptions.* —No formal judgment is necessary in overruling the motion for a new trial, and such judgment need not be in the record, but is sufficiently shown if it appears in the bill of exceptions.

2. *Bills of exceptions.*—The provisions of section 3019, Code 1907, are mandatory, as to the time of filing bills of exceptions, and if it does not affirmatively appear that the bill of exceptions was presented within ninety days from the date of the judgment, it will be stricken.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. B. M. MILLER.

[Turner v. Spragins.]

Ejectment by T. J. Spragins against Mary A. Turner. Judgment for plaintiff and defendant appeals. Affirmed.

JAMES W. STROTHER, for appellant. Mary Turner's motion to dismiss the suit against her should have been granted, since the elimination of all the parties against whom the suit was originally brought, worked an entire change.—*Vinegar B. L. Co. v. Chicago T. & T. Co.*, 131 Ala. 411; *Banks v. Spears*, 117 Ala. 264. On the same authority, it must be held that the judgment entered worked an entire change of parties. The court also erred in the judgment rendered against Mary Turner since she appears on the record as landlord, and was, therefore, not a proper party defendant when the suit was brought.—*Morris v. Beebe*, 54 Ala. 300.

BULGER & RYLANCE, and LACKEY & BRIDGES, for appellee. The motion to strike is the proper remedy to this bill of exceptions.—Section 3020, Code 1907. It must affirmatively appear by the endorsement of the judge that the bill was filed with him within ninety days from the date of the judgment.—*Morris v. Brannen*, 103 Ala. 602; *Richardson v. The State*, 142 Ala. 12. With the bill of exceptions out, there is nothing on which to base a reversal.—*Maddox v. Dryles*, 42 Ala. 436; *Markle v. Albes*, 81 Ala. 433; *Morris v. Branne, supra*. The landlord may be made a defendant on motion of the tenant.—Sec. 3844, Code 1907. Her position, then, became the same as if she had been originally sued.— *Turner v. White*, 97 Ala. 545. The suit was properly cared for in the name of Spragins.—85 Ala. 133. The evidence was in conflict, and hence, the defendant was not entitled to the affirmative charge.

[Turner v. Spragins.]

SAYRE, J.—Motion is made to strike the bill of exceptions, and we think it must be granted. Section 3019 of the Code provides that "bills of exceptions may be presented at any time within ninety days from the day on which the judgment is entered, and not afterwards." Judgment was entered on September 22, 1908. The bill was presented to the presiding judge on January 2, 1909, more than 90 days after the judgment. But a motion for a new trial was made and overruled during the term. Various rulings made on the trial were assigned as grounds for the motion, and the overruling of this motion is assigned for error. The motion was made October 2, 1908. The transcript affords an inference that the motion was overruled on the day it was made, which was more than 90 days before the presentation of the bill of exceptions; but this is not entirely clear, and we prefer to put our ruling on another ground.

Where a motion for a new trial is overruled, no right or status is disturbed, and no formal judgment is necessary. In this case there was no formal judgment. The fact that the motion was overruled appears by the bill of exceptions only. In such case the judgment overruling the motion may be shown by the bill, and need not appear in the record proper.—*Southern Ry. Co. v. Nelson*, 148 Ala. 88, 41 South. 1006. But, under previous statutes fixing the time within which bills of exceptions might be signed, the uniform construction was that, unless the record showed affirmatively that the bill was signed within the time limited, it was to be rejected as forming no part of the record.—*Morris v. Brannen*, 103 Ala. 602, 15 South. 865.

The present statute, requiring that bills of exceptions may be presented at any time within 90 days from the day on which the judgment is entered—meaning, of

course, the judgment brought up for review—and not afterwards, is mandatory.—*King v. Hill*, 163 Ala. 422, 51 South. 15. In this case it fails to affirmatively appear that the bill of exceptions was presented within 90 days of the judgment overruling the motion. It must therefore be stricken on appellee's motion.

There being no assignments of error upon rulings shown by the record proper of the court below, the judgment appealed from must be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and SOMERVILLE, JJ., concur.