# *Ex Parte* Doak.

## *Mandamus.*

### (Decided June 18, 1914. Rehearing denied July 2, 1914. 66 South. 64.)

1. *Judgment; Opening Default; Motion; Taking Under Advisement.*—Under practice acts 1888-9, p. 797, where a motion to open a default judgment was made and heard within thirty days after the entry of the judgment, an entry of an order by the court taking the motion under advisement continued the motion without a formal order of continuance, and authorized the court to determine the motion after the thirty days had expired; there being no reason why the common law order of curia advisari vult may not be employed in the case of motions as well as in respect of causes, since the setting aside of the judgment by default must be done by a formal judgment.

2. *Same; Affidavits on the Merits.*—Where the application was by a city to open a default judgment, an affidavit by the attorney of record for the city that he had caused a full investigation of plaintiff's claim to be made, and that from such examination he was of the opinion that the city had a meritorious defense, and was not liable to plaintiff, was a substantial compliance with the requirements of Acts 1888-9, p. 797, governing proceedings in the circuit court of Jefferson county.

3. *Same.*—Circuit Court Rule 11, as to proceedings in the Circuit Court of Jefferson County is supersedead by the provisions of Acts 1888-9, p. 797, so far as specifying what the affidavit on an application to reopen a default judgment in such court, shall contain.

4. *Same; Discretion of Court.*—It is within the sound discretion of the circuit court to set aside a default judgment, when satisfied that an injustice has been done, or that it has been inadvertently or improvidently entered, and its decision thereon is not revisable on appeal unless abuse is shown.

[Ex Parte Doak.]

5. *Same; Hearing and Determination.*—On an application to open a default judgment, it is the duty of the court to consider all the circumstances so that the discretionary powers reposed in it may be wisely exercised, and although it deems it unnecessary to enter upon an inquiry involving the impeachment of the return of the sheriff, it was proper for the court to consider whether in fact there had been service upon the commissioner of the defendant city, as the return recited, so that such discretion might be soundly exercised.

6. *Dismissal and Non-Suit; Discontinuance; How Affected.*—A discontinuance can only be predicated on some positive act of the actor in the proceeding, or in consequence of the failure or omission of the actor to perform some precedent duty enjoined by law.

ORIGINAL petition by John Doak for a writ of mandamus. Writ denied.

The affidavit filed with the motion of the city of Birmingham to set aside the judgment by default is as follows:

Personally appear before me, clerk of the circuit court in and for said state and county, M. M. Ullman, who being duly sworn deposes and says that he is the attorney of record for the city of Birmingham, in the above-entitled cause. Affiant further says that he has caused a full investigation to be made of the claim of John Doak against the city of Birmingham, and, from the examination of said case made by affiant, affiant is of the opinion that the city of Birmingham has a meritorious defense and is in no manner liable to plaintiff in the above-entitled cause.

Also, the affidavit of R. E. Howard, deputy sheriff, who affirms that the summons and complaint in this case and in others was handed him to be served, and that he went to the city hall and left the papers, the summons and complaint, with Mr. H. S. Ryall, but at that time affiant did not see Culpepper Exum, and did not serve such paper on Culpepper Exum, and did not leave a copy of said summons and complaint with said Culpepper Exum, but that he wrote the return as upon Culpepper Exum as it now appears because of the fact that

it was usual and customary to leave papers of this kind with Mr. Ryall, and make the return as though personally served. Also, affidavit of Culpepper Exum, stating in effect that he had never seen or heard of the summons of complaint in this case, and that he had informed the city attorney that no such summons and complaint had been served on him. Also, affidavit of Horace C. Wilkinson stating in effect that Ullman had requested him to permit the judgment to be set aside by consent, that he had declined, and that Ullman stated that the only excuse he had was that he had dictated demurrers to his stenographer, but had left town the next day, supposing that she had filed them, but she had not; and the reply affidavit of Ullman.

SMITH & WILKINSON, for appellant. The circuit court was without power to act on the motion, as the court lost all control over the judgment after the thirty days from the date of its rendition had expired.—Acts 1888-9, p. 797; *Agee v. Clark*, 60 South. 460; *So. Ry. v. Griffith*, 58 South. 425; *Ex parte H. A. & B. R. R. Co.*, 105 Ala. 221; *Gunnels v. State Bank*, 18 Ala. 676. It takes a continuance to keep such an order alive, and this continuance must affirmatively appear of record. A taking under advisement is not tantamount to a continuance. —4 P. & P. 824; 125 Mass. 205; *Johnson v. State,*, 102 Ala. 1. No sufficient excuse is shown for setting aside the judgment.—*Albert Haas Co. v. Gibson*, 54 South. 994; *Traub v. Fabian*, 160 Ala. 210; *McLeod's Case*, 108 Ala. 81; *Ex parte Payne*, 130 Ala. 189. Mandamus was the proper remedy.—*Ex parte Waters*, 61 South. 904; *Ex parte Woodruff*, 123 Ala. 99.

ROMAINE BOYD and M. M. ULLMAN, for appellee. There must be a request and a definite and unqualified

refusal before the writ will issue.—*Ex parte S-C. Gro. Co.*, 120 Ala. 434; *Minchener v. Carroll*, 135 Ala. 409. A submission of a motion and the taking of it under advisement within the thirty days amounts to a continuance for the term.—Black on Judgments, § 180; 2 Hal. 125; 3 Hal. 60; 9 B. & C. 172; Common Law Doctrine Curia Advisari Vult. A discontinuance is in effect and substance an abandonment by the moving party of his pending cause.—*Ex parte Humes*, 130 Ala. 201; 72 Fed. 128; 29 Pa. St. 203. The court is invested with a large discretion as to setting aside default judgment, and its discretion cannot be controlled by mandamus.—*Ex parte McKissack*, 107 Ala. 493; *Ex parte Dillard*, 68 Ala. 594; *Ex parte Merritt*, 38 South. 183. This discretion is not revisable unless abused.—*Talladega Co. v. McDonald*, 97 Ala. 508; *Colley v. Spivey*, 127 Ala. 109.

McCLELLAN, J.—Application for writ of mandamus to require the vacation of an order or judgment, entered in the circuit court of Jefferson county in the cause of John Doak (petitioner) against the city of Birmingham et al., setting aside a previously entered judgment by default, with writ of inquiry executed against the city of Birmingham.

Doak's action was instituted March 4, 1913; and the summons to the city of Birmingham was returned executed March 8, 1913, by service on Culpepper Exum, commissioner of the municipality. On April 28, 1913, judgment by default was entered against the city on plaintiff's motion. On May 7, 1913, the city, through its counsel, filed its motion to have the judgment by default set aside. On May 10, 1913, the motion was heard and arguments were made by counsel for the respective parties, and on that day it was "ordered, decreed, and adjudged by the court that said motion be, and the same

is hereby taken under advisement by the court, upon briefs to be submitted by the respective parties on or before May 15, 1913." On June 6, 1913, the court granted the motion to set aside the judgment by default, and thereupon pronounced a formal judgment setting aside the judgment by default, imposing terms upon the city not important to be stated at this time.

The Practice Act governing proceedings in the circuit court of Jefferson county, approved February 28, 1889 (Acts 1888-89, p. 797 et seq.), contains these presently pertinent provisions: "And in all cases, whether commenced by summons and complaint, attachment, or otherwise, any defendant failing for more than thirty days after service has been perfected upon him to appear and demur or plead, shall be held to be in default, and, at any time thereafter, judgment by default, on motion of the plaintiff, may be rendered against him; provided, however, that the court may, for good cause shown, allow such judgment so obtained by default to be set aside, and demurrer or pleas to be filed, on such terms as the court may think just; but no application to set aside such judgment, unless it be for some reversible error committed in the rendition thereof, shall be entertained by the court, unless accompanied by an affidavit made by the defendant or his agent or attorney to the effect that, in the belief of the affiant, the defendant has a lawful defense to such suit. * * * That final judgments rendered in said court shall, after expiration of thirty days from their rendition, be taken and deemed as completely beyond the control of the court, as if the term of said court at which said judgments are rendered had ended at the end of said thirty days; provided, however, that nothing herein contained shall prevent parties from applying for new trials or rehearings, * * * when so made, or shall prevent parties from

applying to said court for rehearings under the statute authorizing applications for rehearings in the circuit court, or shall prevent the court from retrying any cause under section 2871 of the Code of Alabama, or shall prevent the court from the exercise of any power or jurisdiction conferred upon the circuit court touching final judgments."

It thus appears that in the matter under review the motion to set aside the judgment by default was made within 30 days after its entry, was taken under advisement by the court within 30 days after the entry of the judgment by default, without at any time the entry of any formal order of continuance, and was favorably ruled upon during term time after the expiration of thirty days from the entry of the judgment by default.

It is insisted for petitioner, as upon the quoted provisions of the Practice Act, that the failure to act upon the motion before the expiration of 30 days from April 28, 1913—the date of the judgment by default—or to order a continuance of the motion before the expiration of that 30-day period, effected to deprive the court of any power to consider the motion. It is established with us that the expiration of the 30-day period stipulated in the Practice Act without action by the court on a motion for new trial or to set aside a judgment by default, or without an effective continuance of such a motion, the power of the court becomes extinct.—*Ex parte Payne,* 130 Ala. 189, 192, 29 South. 622; *Hundley v. Younge,* 69 Ala. 89. Such motions are not, like causes, continued by operation of law because not disposed of.—*Hundley v. Younge, supra; Payne's Case, supra.* So, the real question in this connection is whether the taking under advisement of the motion to set aside the judgment by default within the 30-day period operated a continuance thereof to such time as the court

might lawfully act upon it; whether that action by the court preserved the court's power (subsequently to the expiration of the 30-day period) to determine the issue presented by the motion.

The order of the circuit court in taking the motion under advisement, after argument—a process that passed the matter into the breast of the court—was an observance of the common-law practice described in the phrase curia advisari vult (the court wishes to consider the matter.). The effect of the formal entry of that order was to continue the motion until the court might, during a lawful sitting, attain a conclusion and pronounce judgment thereupon.—Bouvier's Law Dict. pp. 485, 486; Black on Judg. § 180; Black's Law Dict. p. 310; *Clark v. Read*, 5 N. J. Law, 486; *Semple v. Trustees, etc.*, 8 N. J. Law, 60. Where the order is made taking the matter under advisement, it is the duty of the court to give the parties notice of the time, at the place of sitting of the court, the court will deliver its judgment.—*Clark v. Read, supra; Semple v. Trustees, etc., supra.* If there is undue delay by the court in delivering its judgment, a party has his remedy to compel action by the court.—*Clark v. Read, supra.*

It is urged for petitioner that the common-law practice of taking under advisement could be observed in respect of causes only—not for the purpose of deliberation upon motions—after judgment, to have judgment set aside, or a new trial granted. No good reason appears, nor has any been stated, why a different practice should be allowable in one instance and not in the other. The object of the practice is to permit the court to deliberate; to afford time and opportunity for the court to advise its judgment. A seasonably presented motion for a new trial, or to set aside a judgment by default, invokes judicial action of high character and of seri-

[Ex Parte Doak.]

ous importance.   The purpose is to insure just judg-
ments, between litigants; and the effect is, if the motion
is granted, to avoid the previous judicial action and to
restore the cause to the state of not having been anteri-
orly adjudged.   And so it has been ruled, in this juris-
diction, that the action of the court in setting aside a
judgment must be by formal judgment—an act of equal
dignity with that it effects to avoid.—*Sou. Ry. Co. v.
Nelson,* 148 Ala. 88, 41 South. 1006; *Turner v. Spragins,*
172 Ala. 98, 100, 55 South. 118.

Usually, a continuance of a cause or proceeding is, in
legal contemplation, an adjournment or postponement
thereof, to a time certain.—*Commonwealth v. Maloney,*
145 Mass. 205, 208, 13 N. E. 482.

An order of continuance of a cause or proceeding pre-
supposes a status opposed to that prevailing when it
has been submitted to the court for judgment.   Such
an order (continuance) negatives the notion that a com-
plete hearing has been had and the matter committed
to the court for its judgment.   If the ordinary order of
continuance is entered in a cause or proceeding, there is
a necessary implication that the matter is still in fieri
in respect to a hearing thereon.

The order curia advisari vult manifests the fact that
the hearing is complete and the postponement is for
allowing deliberation by the court—not with the view to
further or other hearing in the premises.   If, in order
to avert the extinction of the juridical power over the
proceeding because of the expiration of the term or of
the limitation fixed for a period to have that effect, it
were required that formal order of continuance should
be entered, an anomalous situation would be created,
or else the rational common-law practice under consid-
eration would be forbidden observance.   The common-
law practice indicated is too conservative of the best re-

sults in judicial administration to justify its abrogation without cogent reason therefor. None such appears or is shown.

The effect of the order of the court taking the motion under advisement being to preserve the power of the court to consider of and pronounce its judgment after the expiration of the 30-day period stipulated in the Practice Act quoted, it is clear that no discontinuance of the proceeding resulted; for it is established with us that a discontinuance can only be predicated of some positive act of the actor in the proceeding, or in consequence of the actor's failure or omission to perform some precedent duty enjoined upon the actor by law.—*Ex parte Holton,* 69 Ala. 164, 188; *Ex parte Humes,* 130 Ala. 201, 30 South. 732.

It is insisted for the petitioner that the affidavit made by counsel for the city in support of its motion to set aside the judgment by default was insufficient for the purpose under the terms of the first-quoted provision of the Practice Act. It has been ruled that the failure to file with the motion an affidavit, "by the defendant, his agent or atttorney, to the effect that, in the belief of affiant, the defendant has a lawful defense to such suit," operated to defeat the right of the court to consider a motion to set aside the judgment by default.—*Ex parte Payne,* 130 Ala. 189, 29 South. 622.

The substantial parts of the affidavit filed with the motion of the city to set aside the judgment by default will be set out in the report of the appeal. While it does not contain the exact phraseology employed in the quoted excerpt from section 1 of the Practice Act, it is a substantial compliance with the provisions of that act. The affidavit substitutes "opinion" for "belief" and "meritorious defense" for "lawful defense," and concludes with the statement that the city was not liable;

all after the affirmation that a full investigation has been made by counsel for the city. Rule 11 of circuit court practice (Civil Code, pp. 1519, 1520) is not governing in this relation, in the circuit court of Jefferson county. Its application therein is superseded by the Practice Act as quoted ante.

"The power of a court of record over its judgments during the term at which they are rendered is very large, if not unlimited. It rests within the sound discretion of the court to set them aside, when satisfied that injustice has been dohne, or that they have been inadvertently or improvidently entered. * * * The judgments of courts are in the breast of the judge until the final adjournment of the term, and may be set aside or modified during the term."—*Talladega Merc. Co. v. McDonald,* 97 Ala. 508, 511, 12 South. 34, 35; *Sparks v. Reeves,* 165 Ala. 358, 51 South. 575.

In the last-cited opinion, treating the discretionary power under consideration, this court said: "Both of these matters are within the discretion of the trial court, and, unless abused, are not revisable on appeal."

And in the later pertinent deliverance made here, in response to *Parker's* petition for mandamus (172 Ala. 136, 138, 54 South. 572), a like pronouncement was made. To the same effect is *Allen v. Lathrop,* 90 Ala. 490, 8 South. 129.

It cannot be affirmed that the circuit court abused the sound discretion with which it was invested in the premises. It was the duty of the court to consider all the circumstances with the view to advising its judgment so that the discretionary power reposed in it might be wisely exercised. It was not, and so the court seems to have concluded, necessary to enter upon an inquiry involving the impeachment of the sheriff's return; though it was proper that the court consider whether

there had in fact been service upon the commissioner of the city as that return recited, to the end that its discretion, seasonably invoked, might be soundly exercised.

The decision, in respect of a new trial, in *McLeod's Case,* 108 Ala. 81, 19 South. 326, has been consulted. It is not opposed to the conclusion we have stated. There the whole contention was that counsel's absence from the trial was unavoidable. This court found that the undisputed evidence refuted this assertion, and thereupon affirmed that the question was one of law and not of discretion in the trial court. Here the judgment was by default; and the circumstances shown to the court might quite reasonably have invited its conclusion that "good cause" justified the restoration of the cause to a trial-status.

The writ of mandamus prayed is denied.

Writ denied.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.