## Stokes *v.* Hinton.

### New Trial.

(Decided June 30, 1916. 72 South. 503.)

1. **Statutes; Retroactive Effect.**—Acts 1915, p. 722, which was approved Sept. 22, 1915, is not applicable to a judgment rendered April 16, 1915, granting a new trial.

2. **Judgment; Review; New Trial.**—The denial of a new trial may be reviewed without the entry of a formal judgment.

3. **New Trial; Review.**—To review the denial of a new trial, the court's ruling must be incorporated in the bill of exception, together with the exceptions taken to the ruling.

4. **Same; Record.**—In order to review the denial of a new trial the original judgment must be made a part of the record proper.

5. **Same; Granting.**—Where a new trial is granted, the judgment entered upon the record granting it must be shown by the record, in order to review it, and the exception taken to the court's ruling must be incorporated in the bill of exceptions, as must the motion for the new trial.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Action by W. C. Hinton against J. T. Stokes. A judgment for defendant was set aside, and a new trial granted, from which order defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts April 18, 1911. Affirmed.

The suit began in the justice court, where there was judgment for plaintiff, and defendant brought an appeal, and upon the

[Stokes v. Hinton.]

trial in the city court certain evidence as to the date when the house was standing and the timbers thereof had not been removed was offered by defendant contrary to and in addition to evidence offered by him in the justice trial, and this fact is made a basis by plaintiff for the motion for new trial, based on surprise, and on the further fact that had be known that such evidence would be offered, he was not then apprised of the fact that it could have been disproven by three disinterested witnesses, which fact has come to his knowledge since such trial. After hearing the evidence the court entered the following judgment:

"Judgment in this cause having been rendered in favor of defendant, and the plaintiff having on   *   *   *   filed in this court his motion for new trial, and the same having been duly spread upon the motion docket of this court and said cause now on this *   *   *   coming on for hearing upon said motion for new trial, and the court having now duly considered said motion, and the affidavits filed in connection therewith and evidence thereon, *   *   *   it is the opinion of the court that said motion is well taken and should be granted. It is therefore the order and the judgment of the court that plaintiff's said motion to set aside the verdict and in arrest of judgment, and to set the judgment aside, and to grant him a new trial in this cause, be and the same is hereby granted; and it is further the order and the judgment of the court that said verdict be set aside, and also the said judgment be set aside and this cause be restored to the odcket for a new trial."

This judgment appears of record and not as a part of the bill of exceptions.

W. J. MONETTE, for appellant.  BROWN & WARD, for appellee.

THOMAS, J.— (1) The appeal is taken from a judgment granting a new trial, rendered on April 16, 1915. The amended statute, therefore, has no application to this appeal.—Gen. Acts 1915, p. 722.

(2-5) The rule declared by this court for presenting for review the judgment of the trial court granting or refusing a motion for a new trial is as follows:   (1) Where the motion is overruled, no right is disturbed and no formal judgment on the motion is necessary. In such case, the ruling of the court denying the motion must be shown by the bill of exceptions, together with the fact that exception was reserved thereto. The original judg-

ment, however, must appear as a part of the record proper.— *So. Ry. Co. v. Nelson,* 148 Ala. 88, 41 South. 1006; *Turner v. Spragins,* 172 Ala. 98, 55 South. 118. (2) Where the motion is granted and the status of the original judgment is disturbed, a formal judgment is necessary on said motion, granting the new trial, which judgment must be shown by the record proper.— *Ex parte Doak,* 138 Ala. 406, 413, 66 South. 64; *Irby v. Kaigler,* 6 Ala. App. 91, 95, 60 South. 418. (3) Whether the motion is overruled or granted, the exception taken to such ruling of the court must be presented for review by the bill of exceptions. (4) The motion for a new trial must be presented by the bill of exceptions.

The opinion in *Kreamer v. Jackson L. Co.,* 179 Ala. 225, 60 South. 88, would seem to require that both the motion and the judgment thereon be included in the bill of exceptions, in order that the ruling of the court granting a new trial may be reviewed. The statute does not require that such formal judgment be made a part of the bill of exceptions, but only the motion. In the *Kreamer Case,* the question for decision was the establishment of a bill of exceptions, and it was there said that the trial judge is not required to sign the purported bill of exceptions when it does not contain the motion and the judgment thereon. It was not there intended to be decided that such formal judgment on the motion may be presented for review by the bill of exceptions, rather than by its incorporation as a part of the record proper. Similarly, the expression in *Randall v. Worthington,* 141 Ala. 498, 37 South. 594, is an inapt statement of the rule. It was to the effect that, on an appeal from a judgment granting a new trial, "the judgment should appear either in the transcript of the record proper or be set out in the bill of exceptions." That case is modified to conform to the statement of the rule as herein contained.

After a careful consideration of the action of the court on the motion, we are of the opinion that the evidence clearly and palpably supports the ruling of the trial court.

It follows that the pudgment must be affirmed.

Affirmed.

ANDERSON, C. J., MCCLELLAN, MAYFIELD, SOMERVILLE, and GARDNER, JJ., concur.

SAYRE, J., not sitting.