# Johnson, et al. v. Cox.

## Unlawful Detainer.

(Decided November 30, 1916.   Rehearing denied January 18, 1917.
73 South. 922.)

1. **Justice of the Peace; Appeal from; Amendment.**—In an action for unlawful detainer begun in the justice court, plaintiffs could not amend on an appeal to the circuit court so as to sue for land not sued for or put in issue on the original trial.

2. **Appeal and Error; Review; Record.**—In determining whether the land sued for in the justice court was the same land litigated about on appeal to the circuit court this court must look to the recitals of the record proper by which it is bound as to rulings on pleadings.

3. **Same; Conflict Between Record and Bill of Exceptions.**—Where there is a conflict between the record proper and the bill of exceptions as to matter which must appear of record proper, the recital of the record will control; but where the conflict is as to matter which should properly be shown by the bill of exceptions, the recital of the bill of exceptions will control.

4. **Unlawful Detainer; Evidence; Deeds.**—In this action of unlawful detainer the deed to plaintiff was properly admitted in evidence to identify and describe the lands rented to the defendant and so to identify the subject matter of the suit.

5. **Same; Rental Value.**—In order to ascertain the damages for detention it was competent to show the rental value of the lands sued for.

6. **Same; Notice.**—Where it was admitted as well as conclusively shown that a notice in writing to quit was served on the defendant, it was not competent for the defendant to show that the party who served the notice was not the agent of the plaintiff.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

John F. Cox sued R. W. Johnson and others in unlawful detainer and in ejectment under an agreement that one case should be tried and that judgment should enter in each case in conformity to the finding of the jury in the case tried.   There was judgment for the plaintiff and the defendants appealed.

J. M. MILLER, for appellants.   MOTLEY & MOTLEY, for appellee.

MAYFIELD, J.—Appellee sued appellants in two actions— one of unlawful detainer, and the other of ejectment—to recover possession of 80 acres of land.   It was claimed by appellee that

he had leased this tract of land to appellants for a term, and that after the expiration of the lease they declined to surrender the possession to appellee, but unlawfully detained the same. The plaintiff recovered judgment in the justice of the peace court, in the unlawful detainer suit, and the defendants appealed. Before trial was had in the circuit or city court, a written agreement was entered into between the parties or their counsel, to the effect that plaintiff could amend the complaint as to the damages claimed; that the notice to quit the possession, made an exhibit to the agreement, should be introduced in evidence without further proof of execution or service; that trial should be had only in the action of unlawful detainer; and that the action of ejectment should abide the result of the detainer suit trial. The trial resulted in a verdict and judgment for plaintiff in the circuit or city court, in the unlawful detainer suit, and judgment for the plaintiff also was entered in the ejectment suit, in accordance with the agreement above referred to; and defendants appeal in both cases.

The chief insistence of appellants is that the trial court committed reversible error in allowing the complaint to be amended on appeal, so as to claim or describe one 40-acre tract of land which was not claimed or described in the justice court; that is, that the trial in the justice court was for the detention of the S. W. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$ of section 13, and the N. E. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ of section 24, both in township 11, range 7 east; and on appeal the plaintiff was allowed to change the complaint so as to substitute the N. E. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$, section 24, for the N. E. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$, thereby effecting an entire change—not allowable by the rules of pleading, especially on appeal. Differently stated, this contention is that plaintiff should not be allowed to sue appellants in the justice court for the detention of a given 40, and then, on appeal, to change case and sue for the detention of another and different 40.

(1, 2) If the record bore out this contention, we would be compelled to reverse; because it is well and correctly settled that there could not be a recovery, on appeal, for land not sued for or put in issue in the original trial in the justice court. The recitals in the record proper, however, to which we must look and by which we are bound as to rulings on pleadings, especially the complaint and pleas, do not show that the suit was for entirely different tracts of land, in the justice court and on the appeal;

but show that both trials were as to the same tract. The bill of exceptions, however, does tend to show that appellants are right in their contention as to one 40, but not as to the other.

(3) But where there is a conflict between the recitals of the record proper, and those of the bill of exceptions, as to matter which must appear of record proper, the recitals in the record proper control; and, where the conflict is as to matter which should properly be shown by the bill of exceptions, then the recitals in the latter control. This has long been the rule in this state, and we do not desire to depart from it.

If we could look to the bill of exceptions, however, it would not show an entire change in the description of the land sued for, but a change as to one 40 only. The suit was for an 80-acre tract, described by government numbers, the description of one 40 of which was the same, all through the transcript and throughout the proceedings in both courts; but, as appears by the bill of exceptions, there was a change in description as to the one 40, or one-half of the land sued for. It is not improper to say, however, that the bill of exceptions shows that no injury or prejudice was done the defendants, even if the change was made in the complaint as claimed by appellants, as it appears conclusively that there never was any doubt or dispute as to the tract of land sued for; the only doubt or confusion was as to the description of one of the 40's. The defendants had rented the 80 acres in question from the plaintiff, and the notice described the land as that rented by plaintiff to defendants. If the plaintiff was entitled to recover one 40, he was, the other; if the defendants were entitled to the possession of either, they were, to the possession of both. There was no question of a several ownership of the 80. No possible injury could result from changing the description of one 40, when the land was reasonably identified by other descriptions, and both parties were well aware of the identity of the land being sued for, and that tract was actually recovered that had been actually sued for.

(4) There was no error in allowing the introduction in evidence of the deed to plaintiff. It was not introduced for the purpose of showing title, but only for the purpose of identifying and describing the lands rented by plaintiff to defendants; and of thus identifying the subject-matter of the suit.

(5) There was no error in allowing the plaintiff to prove, by the several witnesses, the rental value of the land sued for;

this was proper and necessary to ascertain the damages for the detention.

(6) There was no error in declining to allow the defendants to prove that a party who served the notice was not the agent of plaintiff. It was conclusively shown and admitted that a notice in writing, to quit, was served upon the defendants.

There being no dispute or conflict in the evidence except as to the amount of damages, the trial court properly instructed the jury, at the request of the plaintiff, to find for the plaintiff if they believed the evidence.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.