(86 South. 389)

**BIRMINGHAM WATERWORKS CO. v. JUSTICE. (6 Div. 111.)**

(Supreme Court of Alabama. Oct. 21, 1920.)

1. **Appeal and error ⟲664(2)—Rule as to conflict between record proper and bill of exceptions stated.**

Where there is a conflict between the record proper and the bill of exceptions, the record proper controls as to matter which should appear by such record, and bill of exceptions controls as to matter which should appear by the bill.

2. **Appeal and error ⟲528(1)—Decision on motion for new trial must be included in bill of exceptions.**

Under Acts 1915, p. 722, not only the motion for new trial but also the decision granting or refusing it must be included in the bill of exceptions.

3. **Appeal and error ⟲664(2)—Recital in bill of exceptions as to ruling on motion for new trial controls inconsistent entry in record proper.**

Recital in bill of exceptions as to court's decision on motion for a new trial is conclusive notwithstanding inconsistent minute entry shown by record proper, since under Acts 1915, p. 722, court's decision on such motion must be included in the bill of exceptions.

4. **Trial ⟲281—Exception to instruction good in part and bad in part will not be sustained.**

In action against waterworks company for wrongfully cutting off plaintiff's water service, exception to instruction entitling plaintiff to damages for "humiliation, embarrassment, annoyance, and inconvenience," even though bad in so far as instruction applied to damages for humiliation or embarrassment, will not be sustained where not restricted to that portion of instruction.

5. **Appeal and error ⟲1001(2)—Verdict not disturbed as against evidence unless result of ignorance, passion, or prejudice.**

Verdict, though in appellate court's opinion against weight of evidence, will not be disturbed unless the result of ignorance, passion, or prejudice.

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

Action by A. G. Justice against the Birmingham Waterworks Company for damages

for wrongfully cutting off plaintiff's water service. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, p. 450, Acts 1911. Affirmed.

On November 11, 1919, judgment was rendered on verdict for plaintiff for $500. Defendant moved for a new trial on various grounds, among others that the verdict was excessive. This motion was heard on November 18, and the transcript shows a minute entry as follows:

"It is ordered and adjudged by the court that said motion be ·(?) and the plaintiff is hereby ordered to remit all damages in excess of $250 within 20 days or motion be granted as per opinion on file."

The bill of exceptions contains the following recital:

"The court after hearing and considering the said motion * * * on the 18th day of November, 1919, did enter an order reducing the judgment in the above case to $250 and did then overrule the said motion."

The record does not show the entry of any remittitur of damages by plaintiff, nor does it show any further action or order of the court upon the motion for new trial. The clerk's certificate is that the record "contains a full, true, correct, and complete transcript of all proceedings in the court." The appeal is from the judgment rendered · on November 11, 1919, for the sum of $250 and costs as recited in the appeal bond.

Percy, Benners & Burr and Salem Ford, all of Birmingham, for appellant.

Where the verdict of the jury is so against the overwhelming weight of the evidence, it should be set aside, and the failure of the trial court to do so will work a reversal. 189 Ala. 662, 66 South. 627; 181 Ala. 565, 61 South. 914; 175 Ala. 319, 57 South. 718, 40 L. R. A. (N. S.) 998; 171 Ala. 294, 54 South. 626; 135 Ala. 154, 33 South. 8; 135 Ala. 375, 33 South. 32; 116 Ala. 142, 23 South. 53. In actions growing out of a breach of the contract, the measure of damages is as for a breach of the contract. Further the action is in case or assumpsit. 164 Ala. 494, 51 South. 150; 151 Ala. 319, 44 South. 382; 2 Ala. App. 652, 56 South. 830. Counsel discuss other assignments of error; but, in view of the opinion, it is not deemed necessary to set them out.

Stallings & Drennen, of Birmingham, for appellee.

Humiliation and embarrassment are proper elements for damages in cases of this character. 3 Ala. App. 393, 57 South. 141; 61 South. 611; 11 Ala. App. 231, 65 South. 855; 2 Ala. App. 652, 56 South. 830; 195 Ala. 397, 70 South. 763. Counsel discuss other assignments of error, but without further citation of authority.

SOMERVILLE, J. The minute entry, which is a part of the record proper, shows, notwithstanding an obvious ellipsis, that defendant's motion for a new trial was granted on the ground of excessiveness of the verdict, but upon the condition only that plaintiff failed for 20 days to enter a remittitur of $250 of the damages awarded.

The minute entry, however, is contradicted by the recitals of the bill of exceptions, which show that the motion "was overruled."

[1-3] Where there is a conflict between the record proper and the bill of exceptions, the former controls as to matter which should appear by the record proper, and the bill of exceptions controls as to matter · which should appear by the bill. C. of Ga. Ry. Co. v. Gross, 192 Ala. 354, 68 South. 291; Johnson v. Cox, 198 Ala. 563, 73 South. 922. Under the act of 1915 (Acts 1915, p. 722), changing the rule and practice as declared in Stokes v. Hinton, 197 Ala. 230, 72 South. 503, not only the motion for new trial, but also the decision granting or refusing it, must be included in the bill of exceptions. Hence, the bill of exceptions being the vehicle by which the decision on the motion must be presented to the appellate court, its recitals as to that decision must be accepted as conclusive on appeal. It follows, of course, that the minute entry cannot be considered as showing that the motion was granted conditionally, or that it remains undisposed of in the lower court; and the appeal from the original judgment cannot, therefore, be dismissed. .

Our examination of the testimony persuades us that the issue of defendant's liability was properly submitted to the jury, and the affirmative instructions requested by defendant properly refused.

[4] Defendant excepted to the following portion of the oral instructions to the jury:

"He [plaintiff] would be entitled to such sum as in your sound judgment and discretion you are reasonably satisfied from the evidence would compensate him for the injury sustained; that is to say, humiliation, embarrassment, annoyance, and inconvenience—things of that kind by reason of the water being cut off."

It has been held by this court that an instruction, in a case like this, that plaintiff could recover for "inconvenience" and "annoyance" caused by breach of the contract to supply him with water, was not improper. Birmingham Waterworks Co. v. Ferguson, 164 Ala. 494, 51 South. 150. Defendant's exception, not being restricted to that part of the instruction authorizing a recoverey for "humiliation" or "embarrassment," was manifestly bad, and cannot be sustained, what-

ever might have been its merit if so restricted.

[5] While we think the verdict of the jury was against the weight of the evidence, we would not feel justified in setting aside the judgment as being so palpably wrong that it must have been the result of ignorance, passion, or prejudice.

Finding no error in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.