(102 So. 214)

**PACIFIC FIRE INS. CO. OF NEW YORK v. BURNETT. (4 Div. 149.)**

(Supreme Court of Alabama. Nov. 6, 1924. Rehearing Denied Dec. 4, 1924.)

**1. Trial ⬥143 — Conflicting evidence made question for jury.**

Where evidence or inferences therefrom were in conflict, questions of fact were for jury.

**2. Appeal and error ⬥502(6, 7)—Exceptions to judgment denying motion for new trial held sufficient for review.**

Where bill of exceptions recited that motion for new trial for insufficiency of evidence was overruled, and to court's action thereon plaintiff excepted, recital thereof was sufficient, under Code 1907, § 2846, as amended by Acts 1915, p. 722, to bring consideration of evidence up for review.

**3. Detinue ⬥18—Evidence held insufficient to establish in plaintiff title to automobile found in defendant's possession.**

Evidence *held* insufficient to establish in plaintiff title to automobile found in defendant's possession.

Sayre, Miller, and Bouldin, JJ., dissenting.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Action in detinue by the Pacific Fire Insurance Company of New York against Mrs. M. E. Burnett. From a judgment for defendant, plaintiff appeals. Affirmed.

Rushton, Crenshaw & Rushton, of Montgomery, and E. O. Baldwin, of Andalusia, for appellant.

Counsel argue for error in the judgment, but without citing authorities.

Powell, Albritton & Albritton, of Andalusia, for appellee.

The decision of the court upon the motion for new trial is not set forth in the bill of exceptions as required by the statute. Code 1907, § 2846; Wells v. State, 19 Ala. App. 403, 97 So. 681; 1 Black on Judgments, 124; Miller v. B. & M. R. Co., 7 Neb. 227; Gray v. State, 55 Ala. 87. Counsel discuss other questions raised, but without citing additional authorities.

THOMAS, J. The action was detinue to recover a Marmon automobile. The complaint as amended described the property claimed as one Marmon 1918 model touring car, now numbered 7181880, motor now numbered 92888. Upon filing original complaint the sheriff did not take the property in possession, for the reason stated in his return that he was unable to locate the property because of the indefiniteness of its description in the complaint. An alias writ was issued, and defendant gave the statutory bond and retained the possession of the car. The trial, on plea of the general issue, resulted in a verdict for the defendant.

Plaintiff's motion for a new trial, assigning, among other grounds, that the verdict was contrary to the great weight of the evidence, was overruled. The only question of law involved is the identity of an automobile found in the possession of the defendant at Andalusia, Ala., in March, 1922, and the automobile that was stolen in Chicago, Ill., in April, 1919.

The evidence for plaintiff shows that when the assembled parts of a car—the body, engine or motor, transmission, rear axle, front axle, steering gear, generator—are put together and leave the factory they have serial numbers. Thus the factory assembling record of each car is different from that of other cars of the same or different make.

[1] The evidence for the respective parties, or inferences which may be drawn therefrom, were in conflict. The questions of fact should have been submitted to the jury. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

[2] If the judgment on the motion is sufficient in form, we are brought to a consideration of the weight of the evidence within the rules obtaining. The bill of exceptions recites that the motion for a new trial "came on for hearing on the 28th day of September, 1923, and the plaintiff introduced on such hearing the testimony which had been heard on the trial of the case. The court overruled the motion for the new trial, and to such action of the court the plaintiff duly and legally excepted."

The foregoing is a mere recital of the fact that the motion was overruled. This was sufficient for the purpose. Stokes v. Hinton, 197 Ala. 230, 72 So. 503. It must be conceded that, if a judgment granting the motion had been rendered, the foregoing would have been insufficient as a formal judgment on the motion to set aside the judgment of the court theretofore entered pursuant to the verdict of the jury. Ex parte Doak, 188 Ala. 406, 66 So. 64; Lewis v. Martin, 210 Ala. 401, 98 So. 635; Wells v. State, 19 Ala. App. 403, 97 So. 681; Gray v. State, 55 Ala. 86; 1 Black

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

on Judgments, § 115, p. 124. The statute provides that the decision of the court on the motion may be reduced to writing, etc., and included in the bill of exceptions if the same is to be reviewed by this court. Code 1907, § 2846, as amended by Acts 1915, p. 722; Birmingham Waterworks Co. v. Justice, 204 Ala. 547, 86 So. 389. The decision of the court on the motion was a declination to disturb the formal judgment shown in the record proper. This fact and the exception to such action of the court are duly shown by the quoted excerpt from the bill of exceptions. Thus we are brought to a consideration of the sufficiency or great weight of the evidence.

[3] A comparison of the facts shown by this record with those in American Insurance Co. v. Newberry (Ala. Sup.) 100 So. 922,[1] discloses a similarity as to change of serial numbers. Both cars were Marmons, stolen from Grant Park in the city of Chicago, and the important parts thereof were serially numbered. It is pointed out that the serial numbers of the parts of the two cars have been changed; that the change consisted, in the main, in converting the figure 3 into an 8, the figure 6 into an 8, the addition of the figure 5 to the number of the magneto, etc. The service manager of the Nordyke & Marmon Company, which manufactured the 1918 Marmon car, testified that that company never manufactured or put upon the market a Marmon touring car of that model "numbered 7181880," of the description given by defendant in her answers to interrogatories propounded under the statute.

The action being detinue, it was incumbent on plaintiff to establish in itself the title to the automobile found in Mrs. Burnett's possession. To do this plaintiff introduced evidence showing the sale of the car in July, 1918, by the manufacturers to the dealer and by the latter to Frye, its mortgage and insurance, the fact that it was stolen in Chicago on April 18, 1919, and that the loss was duly reported. The testimony further showed that the rear axle, main frame, and starter of the car found in the possession of the defendant had the same serial number as that of the stolen car, and that other important parts thereof bore different numbers. However, the testimony for plaintiff tended to show a change of the serial numbers, and that for the defendant tended to show no change was visible or discovered on inspection of the car in her possession. Defendant's evidence further showed that the Burnett car was in Alabama in the possession of defendant's vendor during the latter part of March, or the first of April, 1919, before the date of the theft, and on the date of the larceny of the Frye car in Chicago the Burnett car was in Andalusia, and in which the witness Fellows and others had ridden.

In the present state of the testimony, and the inferences to be drawn therefrom by the jury, we cannot say that a new trial should have been granted.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.

SAYRE, MILLER, and BOULDIN, JJ., dissent.