(112 So. 122)

YATES v. BARNETT.    (5 Div. 971.)

(Supreme Court of Alabama. March 24, 1927.)

**1. Appeal and error** ⊚⟳500(2)—**Supreme Court cannot consider assignments of error in ruling on demurrer, where record showed no specific ruling thereon.**

Where record proper failed to show specific ruling on demurrer, assignment of errors predicated on ruling on demurrer could not be considered by Supreme Court.

**2. Appeal and error** ⊚⟳592(6, 7)—**Denial of motion for new trial and exception thereto must be incorporated in bill of exceptions to be presented for review.**

Denial of motion for new trial to be presented for review requires ruling and exception thereto to be duly incorporated in bill of exceptions.

**3. Trial** ⊚⟳142—**Affirmative charge was properly refused, where reasonable tendencies of evidence were conflicting or open to inferences unfavorable to party requesting charge.**

Where reasonable tendencies of evidence were conflicting or open to reasonable inferences unfavorable to party requesting affirmative charge, such charge was properly refused.

**4. Evidence** ⊚⟳527—**Expert machinist might testify to effect on motor of driving new automobile at excessive speed.**

In action to recover damages for breach of agreement to deliver new automobile in first-class condition, which developed knock in engine, expert machinist might testify to effect on motor of driving new car at excessive rate of speed.

**5. Evidence** ⊚⟳513(1)—**Expert machinist may give opinion, after inspection or knowledge· of facts, whether motor of automobile purchased was ·in first-class condition.**

In action involving breach of agreement to deliver new automobile in first-class condition, expert machinist may give opinion, after inspection or with knowledge of facts, whether motor was in first-class condition at time of sale.

**6. Evidence** ⊚⟳213(1)—**Question whether plaintiff proposed settlement of suit held properly excluded as calling for compromise.**

In action to recover damages for breach of agreement to deliver new autombile in first-class condition, objection to question of plaintiff, whether he made proposition to settle, was properly sustained as calling for confidential bona fide offer to compromise claim.

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

Action for damages by M. D. Barnett against D. M. Yates, as owner of the West Point Overland Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

The complaint, claiming damages of $175, alleges, in substance, that defendant agreed with plaintiff to trade plaintiff a new Overland touring car, which was to be in first-class condition, for a Ford automobile which was owned by the plaintiff; that plaintiff delivered his Ford car to the defendant and received the new Overland car, but that, when so received, said new car was not in first-class condition, there being a severe knock in the engine which became worse with use; that plaintiff did not discover that said Overland car was not in first-class condition until after he had received it from defendant; that within a reasonable time plaintiff returned the Overland car to the defendant and demanded that his Ford car be returned to him, but that defendant refused to deliver said Ford car to plaintiff; that said Ford car was worth $175; that although plaintiff has complied with all the provisions of said agreement on his part, defendant has failed to comply with the following provisions thereof: To deliver plaintiff a new Overland touring car in first-class condition— to plaintiff's damage.

There was verdict for plaintiff for $150, judgment accordingly, and defendant appeals.

Hooton & Moon, of Roanoke, for appellant.

Counsel argue for error on the trial, and cite 13 C. J. 598.

Pruet & Glass, of Ashland, for appellee.

Where the record fails to show a specific ruling on demurrers, the sufficiency of the complaint will not be considered. S. A. L. v. Pemberton, 202 Ala. 55, 79 So. 393; Berger

----

⊚⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

v. Dempster, 204 Ala. 305, 85 So. 392; Ala. Chem. Co. v. Niles, 156 Ala. 298, 47 So. 239. In order to have reviewed the denial of a motion for new trial, the court's ruling must be incorporated in the bill of exceptions, with statement of exception thereto. Stokes v. Hinton, 197 Ala. 230, 72 So. 503; Benton Mer. Co. v. Boyette, 17 Ala. App. 78, 81 So. 856. The unaccepted offer of a party to compromise a suit is never admissible in evidence. Feibelman v. Manchester F. A. Co., 108 Ala. 198, 19 So. 540; Alexander v. Wheeler, 69 Ala. 341; Kelly v. Brooks, 25 Ala. 527.

THOMAS, J. [1] The case was tried upon counts 1 and 5. There was a jury and verdict for the plaintiff. The record proper—"judgment entry"—fails to show a specific ruling on demurrer, and we do not consider the assignment of errors predicated on ruling on demurrer to the complaint. Berger v. Dempster, 204 Ala. 305, 85 So. 392; Seaboard Air Line Ry. Co. v. Pemberton, 202 Ala. 55, 79 So. 393; Ala. Chemical Co. v. Niles, 156 Ala. 298, 47 So. 239.

[2] To present for review the denial of the motion for a new trial, that ruling and exception thereto must be duly incorporated in the bill of exceptions. Stokes v. Hinton, 197 Ala. 230, 72 So. 503; Smith v. Yearwood, 197 Ala. 680, 73 So. 384; L. & N. R. Co. v. Phillips, 202 Ala. 502, 80 So. 790; Birmingham Water Works v. Justice, 204 Ala. 547, 86 So. 389; Pacific Fire Ins. Co. of N. Y. v. Burnett, 212 Ala. 287, 102 So. 214.

[3] There were conflicting reasonable tendencies of evidence, or open to reasonable inferences unfavorable to him who requests such charge, and affirmative instruction should therefore properly be refused. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

Refused charge 4 was sufficiently covered by given charge 2 and the oral charge.

[4, 5] There was no error in allowing the witness Barnett, who had qualified as an expert machinist, to answer the question of the effect on the motor of driving a new car at an excessive rate of speed. It was material and relevant with the other evidence and the issues of fact presented to the jury. The witness, as an expert, may give an opinion, after inspection or with a knowledge of the facts made the subject of inquiry, whether the motor was in first-class condition at the time and circumstances inquired about. Burton & Son v. May, 212 Ala. 435, 103 So. 46.

[6] The objection of plaintiff to the question to Barnett, whether he "made a proposition to settle," was properly sustained. It called for the fact and substance of a bona fide offer of compromise of the suit and claim thereby made, and such offers are regarded in nature as confidential overtures of pacification. The policy of the law favors amicable adjusting of litigation. Feibelman v.

Manchester Fire Assurance Co., 108 Ala. 180, 198, 19 So. 540; Alexander v. Wheeler, 69 Ala. 332, 341; Spragins v. Fitcheard, 206 Ala. 694, 91 So. 793; Kelly v. Brooks, 25 Ala. 523.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.