159 So. 275

## DARBY et al. v. FULLER.

### 4 Div. 80.

Court of Appeals of Alabama.

Feb. 5, 1935.

SAMFORD, Judge.

The complaint as finally presented to the jury contained three counts—the first, on an account stated; second, the common count for professional services rendered at the request of defendants; and, sixth, a count charging the obtaining of services under false pretenses. The verdict of the jury found for the plaintiff on counts 1 and 2.

The defendants in writing requested the court to give the affirmative charge as to each of said counts, and its refusal to give these charges as requested is made the basis of the first three assignments of error.

The verdict of the jury specifically found for plaintiff on counts 1 and 2, and did not mention count 6. This was equivalent to a finding for the defendants on that count, and corrected, if any, the error of the court

in its refusal to give at the request of defendant the general charge as to count 6. Marianna Mfg. Co. v. Boone, 55 Fla. 289, 45 So. 754.

Charges 1 and 2 were directed at both counts 1 and 2. Under the evidence, the jury was warranted in finding a verdict for plaintiff on the second count, and charges directed at both counts were properly refused.

The bill of exceptions does not disclose an exception reserved to the ruling of the court on the motion for a new trial. The rule as stated by the Supreme Court is: "The ruling of the court denying the motion must be shown by the bill of exceptions, together with the fact that exception was reserved thereto." In the condition of this record we may not review the action of the court in overruling the motion for a new trial. Stokes v. Hinton, 197 Ala. 230, 72 So. 503, 504; King v. State, 23 Ala. App. 237, 123 So. 290; Yates v. Barnett, 215 Ala. 554, 112 So. 122.

There is no reversible error in the record, and the judgment is affirmed.

Affirmed.