# Pake *v.* Wilson.

### *Action of Assumpsit.*

1. *Statute of fraud; promise to answer for debt, default or miscarriage of another.*—When, at the instance of one person, goods are sold to another for the latter's sole use and benefit and any credit whatever is extended to the party to whom the goods were sold, the debt is the debt of the latter, and the other partys' obligation is that of guarantor, which, under the statute of frauds (Code, § 2152) must be in writing in order to be binding.

[Pake v. Wilson.]

2. *Same; same; case at bar.*—Where, in an action to recover for goods sold, it is shown that before the plaintiff sold the goods he asked the defendant if he would "stand for" the purchaser, which he consented to do, and it was agreed that the purchaser should give the plaintiff a thirty days' draft on the defendant for the goods, but such draft was never given, and it was further shown that the plaintiff extended some credit to the purchaser on the account and attempted to collect it from him, the promise of the defendant in such case was to answer for the debt, default or miscarriage in the purchase of the goods, and not having been in writing, expressing a consideration and signed by the defendant, such contract was, under the statute of frauds, (Code, § 2152), void.

APPEAL from the Circuit Court of Perry.

Tried before the Hon. JOHN MOORE.

This was an action of assumpsit brought by the appellee, J. C. Wilson, against the appellant, L. J. Pake; and sought to recover an amount alleged to be due from the defendant to the plaintiff upon an account. The facts of the case are sufficiently stated in the opinion.

On the trial of the cause, the defendant requested the court to give, among others, the following written charge: "If the jury believe the evidence, they will find for the defendant." The court refused to give this charge, and the defendant duly excepted.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the refusal of the court to give the general affirmative charge requested by him.

R. E. LOVELESS, for appellant, cited *Stein v. Sanders,* 116 Ala. 155; *Boykin v. Dohlonde,* 37 Ala. 577; *Webb v. Hawkins L. Co.,* 101 Ala. 630; *Clark v. Jones,* 87 Ala. 474; *Strouse v. Elling,* 110 Ala. 132; *Tyree v. Lyon,* 67 Ala. 1.

J. H. STEWART, *contra,* cited *Downing v. Woodstock,* 93 Ala. 262; *Barker v. Coleman,* 35 Ala. 221; *Espalla v. Richard,* 94 Ala. 159; *Alexander v. Hawley,* 96 Ala. 200; *Sawyer v. Goward,* 29 Ala. 691.

HARALSON, J.—The suit is on an account "for goods and merchandise sold and delivered by the plain-

tiff [J. C. Wilson] to W. O. Hudson, on, to-wit, the 4th day of January, 1897, at the request of defendant [Pake]."

The plea on which issue was joined and the case tried was, "that the alleged contract on which the suit was brought, is a parol promise to answer for the debt, default or miscarriage of another, and that neither such agreement nor any note or memorandum thereby [thereof] expressing the consideration is in writing subscribed by the party to be charged therewith, or some other person by him thereunto lawfully authorized in writing."

It has been settled, and is well understood, in cases like this, that if the goods were sold on the sole credit of defendant, his prom se is original and not within the statute; but if any credit was given to the person to whom the goods were delivered, the promise is collateral and within the statute of frauds.—*Fuller v. Gray,* 124 Ala. 388; *Webb v. Hawkins L. Co.,* 101 Ala. 630. Whether the obligation of defendant was of the one or the other character, is a question of evidence.

The plaintiff testified, that Hudson desired to purchase some goods from him, and stated that defendant would "stand for them;" that witness saw defendant and informed him what Hudson had said, and defendant said: "Yes, he would stand for as much as $50 for Hudson;" that thereupon he sold the goods to Hudson; that he refused to sell to Hudson until defendant agreed to stand for him; that he informed defendant that night, of the sale, and told him that Hudson had refused to sign an order on him for the amount, and defendant replied: "All right, he was safe, and would have Hudson to give him a rent note, if he had to pay, to secure him." He further testified, that Hudson was to give an order on defendant in payment for the goods, but that no order was presented to defendant, because Hudson would not sign it, and refused to give it, the day of the sale; that he had previously sold some other goods to Hudson, and included them, also, in this account, and charged all to defendant; that he did look to Hudson some for the payment of the account, and

[Pake v. Wilson.]

to his wife also, and tried to collect it from Mrs. Hudson.

Hudson testified, that the goods bought in January were on a credit of thirty days, and were to be paid for by a thirty day draft on defendant; that plaintiff had tried two or three times to collect the account from him, and had also drawn on Mrs. Hudson, once or twice, for the amount. He also stated, that in the account sued on were included goods that he had previous to this transaction purchased from plaintiff.

Defendant testified that in the latter part of December, 1896, or first of January, 1897, (plaintiff stated ) that Hudson wanted to give him his (defendant's) thirty day acceptance, and asked him if it would be all right, and defendant said: "Yes, if for not over $50", that plaintiff left immediately, no draft was ever presented to him, and he never agreed otherwise to pay. He also stated that he had received from him a letter in April or May saying that he had been unable to collect the account, and would look to him for it.

There is no conflict in the evidence, that we can discover. Plaintiff, defendant and Hudson testified that for the goods sold Hudson was to give a thirty day draft to plaintiff on defendant, and this draft was never drawn by Hudson. Defendant, according to plaintiff's own evidence, did not agree to be otherwise bound for the goods. The plaintiff further testified, and so did defendant, that the latter agreed *to stand for* Hudson with plaintiff for as much as $50. The words "to stand for," according to common understanding, and especially when taken in connection with the fact, upon which all agree, that Hudson was to give plaintiff a thirty day draft on defendant, which he agreed to accept, meant no more than that defendant would become guarantor or security to plaintiff for that amount. Besides he was to become guarantor in a specified manner, which was not complied with by plaintiff. Under the agreement, plaintiff should not have sold and delivered the goods to Hudson without the thirty days order on defendant, if he desired him to be responsible according to his promise. We may well understand that there was a consideration moving

defendant to promise, in the event the order was given as directed. If it had been given, it would have been written evidence in his hands of the amount when paid, as owing to him by Hudson, and with this, he might the more certainly have procured a rent note from Hudson to secure it, as he expected to do.

The evidence also shows, without conflict, that plaintiff extended some credit to Hudson for the account. He says so himself, and the other evidence in the case confirms the truth of the statement. If he did, the undertaking of defendant, at best, was merely collateral, and there being no agreement in writing to pay, expressing the consideration, the promise was void.

The general charge requested by defendant should have been given.

Reversed and remanded.