*[Ex parte* Payne.]

# *Ex parte* Payne.

## *Petition for Mandamus.*

1. *Judgment by default; construction of rule of practice in circuit court of Jefferson county.*—Under the provisions of the statute regulating practice in the circuit court of Jefferson county, (Acts of 1888-89, p. 797, §§ 1, 11), the court has no power to pass upon a motion to set aside a judgment by default, unless such motion is filed and brought to the attention of the court within thirty days after the rendition of the judgment, and is accompanied by an affidavit made by the defendant or his agent or attorney, that in the belief of the affiant the defendant has a lawful defense to such suit.

2. *Same; same; effect of continuance.*—Where a judgment by default is rendered in the circuit court of Jefferson county, and within thirty days from its rendition there is a motion made to set such judgment aside, but this motion is not accompanied by an affidavit that the defendant has a lawful defense to the suit, the court is without authority or power to order a continuance of the motion; the requirmements of the statute that such motion should be accompanied by said affidiavit being essential to the court's assuming any jurisdiction whatever over the application. (TYSON and SHARPE, JJ., *dissenting*.)

3. *Same; same; same.*—In such a case, where the application was filed within thirty days unaccompanied by the affidavit of merit, and the court issues an order continuing the motion until a time after the lapse of the thirty days, the rendition of an order on the day to which it was con-

[*Ex parte* Payne.]

tinued, setting aside the judgment by default, is void; the court's control over the judgment having expired after the expiration of thirty days from its rendition.

This was an application for mandamus, originally filed in this court, asking for a rule *nisi* to be issued to the judge of the Tenth Judicial Circuit, to appear and show cause why the peremptory writ of *mandamus* should not issue to him as such judge, commanding him to vacate the order made by him in which he granted a motion to set aside the judgment by default. The rule *nisi* was granted, and the judge filed his answer in response thereto. The other facts of the case are sufficiently stated in the opinion.

RUDULPH & HUDDLESTON, for petitioner.—The fact that a motion to set aside a judgment by default was not accompanied by an affidavit as required by the statute regulating the practice in the circuit court, prevented the court from assuming jurisdiction or acting upon said motion.—*Ex parte H. A. & B. R. R. Co.,* 105 Ala. 221.

The rule is that it is within the discretion of the trial court to grant or refuse a motion to set aside a judgment by default is subject to the qualification that where the excuse for failure to appear presents a question of law only, the Supreme Court will revise the ruling thereon.—Rule of Practice, Code of 1896, p. 1197; *Hawkins v. Armour,* 105 Ala.545; 6 Ency. Plead. & Prac., 207, notes; Freeman on Judgments, § 541.

CABANISS & WEAKLEY, *contra.*—The motion having been made and continued by the court within thirty days from the date was in time, if such motion is required to be made within that time.—*Ex parte H. A. & B. R. R. Co.,* 105 Ala.221; *Lee v. Iron Co.,* 102 Ala. 628.

Setting aside default judgment is discretionary and irrevisable.—*Ledbetter v. Vinton,* 108 Ala. 644; *Truss v. R. R. Co.,* 96 Ala. 316; *Allen v. Lumber Co.,* 90 Ala. 490; *Goodwin v. Harrison,* 6 Ala. 438.

SHARPE, J.—Respecting judgments by default obtained in the Jefferson circuit court, section 1 of the act regulating practice in that court (Acts, 1888-89, p. 799) provides "that the court may for good cause shown allow such judgments so obtained by default to be set aside and demurrer or pleas to be filed on such terms as the court may think just; but no application to set aside such judgment, unless it be for some reversible error committed in the rendition thereof, shall be entertained by the court unless accompanied by an affidavit made by the defendant or his agent or attorney to effect, that in the belief of the affiant the defendant has a lawful defense to such suit."

Section 11 of the same statute enacts "that final judgments rendered in said court shall after expiration of thirty days from their rendition, be taken and deemed as completely beyond the control of the court as if the term of said court at which said judgments are rendered had ended at the end of said thirty days; *Provided, however,* that nothing herein contained shall prevent parties from applying for new trials or rehearings within said thirty days, or destroy or change the effect of motions for new trials or rehearings when so made, * * * or shall prevent the court from the exercise of any power or jurisdiction conferred upon the circuit court touching final judgments."

According to the petition here presented, the petitioner obtained a judgment by default on September 30, 1899. Within thirty days therefrom and during the same term the defendant in the judgment entered on the motion docket a motion to set aside that judgment, and on October 21, 1899, an order of court was made purporting to continue the motion "to the next call of the motion docket," which call occurred at the same term on February 3d, 1900, on which last named day the motion was heard and granted. No affidavit was made or filed relative to that motion until November 9, 1899, at which time an affidavit to facts constituting a lawful defense to the original suit, made by agent of the defendant therein, was filed, and the same was used in support of the motion on the hearing thereof.

[*Ex parte* Payne.]

*Mandamus* is now sought to require the circuit court to vacate its order purporting to set aside the judgment by default, upon the theory that to so order was *ultra vires* of the court.

Ordinarily a court's power over its final judgments expires with the term at which such judgments are rendered, and by the terms of the act referred to a like effect is produced by the lapse of thirty days from the rendition of judgment in the Jefferson circuit court. It cannot be doubted, however, that under the proviso quoted the power is left in that court to preserve control over judgments longer than thirty days in the same way that circuit courts governed by our general system may extend such power beyond the term. As to the latter courts, it is well established that motions for new trial continued from the term at which the judgment was taken may be validly acted upon and granted or refused at a succeeding term.—2 Brick. Dig., 276, § 4; *Hundley v. Yonge*, 69 Ala. 89. So a like motion continued to a time beyond thirty days, where that limit is placed upon the court's control of judgments, may in the absence of express restriction, be acted on at the time appointed by the order of continuance. That this may be done is intimated, if not decided, in *Ex parte Highland, etc., Co.*, 105 Ala. 221. As affecting the application of this principle, there can be no valid distinction between a motion for a new trial and a motion to set aside a judgment by default.

But for the petitioner it is insisted that by force of the statutory prohibition against the entertainment of applications to set aside judgments by default in the absence of an accompanying affidavit, the court lacked power, though acting within the thirty days' limit to continue the motion in question. In the writer's opinion the answer to this is, that in continuing the application to set aside the judgment the matter entertained by the court was only the propriety of postponing the hearing of that application and was not the application itself. Therefore, for the purpose of ordering the continuance, the affidavit was not required even by the strict letter of the statute. One of the standard definitions belonging to the word *entertain* is to "consider with reference

[Pike County Dispensary v. Mayor and Aldermen of Brundidge.]

to decision or action."—Cent. Dict. It is in this sense that the word is used in this statute. The affidavit is required as a condition, jurisdictional it may be, upon which a defendant in a default judgment wherein there is no reversible error may invoke the court's power to set aside the judgment, but not as essential to a mere postponement of the application. In this view Justice TYSON, concurs. The majority of the court, however, holds that the continuance of the motion to set aside the judgment necessarily involved its entertainment in the sense prohibited by the statute when no affidavit is filed; that the averments of the petition, not being denied by the return to the rule *nisi*, must be taken as true, that so taken they show that the order purporting to continue the motion was void; that the court's control of the judgment expired after the thirty days from its rendition so that the order purporting to set aside the judgment was also void, and that consequently the petitioner is entitled to *mandamus* to have it vacated.

Accordingly the writ of *mandamus* will be awarded as prayed; the same to be issued unless on being informed of the order therefor the respondent shall voluntarily comply therewith.

SHARPE and TYSON, JJ., *dissenting.*