# *Ex Parte* Parker, *et al.*

## *Mandamus.*

(Decided Jan. 16, 1911.   54 South. 572.)

1. *Judgment; Default; Nil Dicit.*—A judgment nil dicit is substantially the same in its effect and operation as a judgment by default.

2. *Appeal and Error; Review; Judgments by Default.*—A trial court has power to set aside in term time, and within thirty days after its rendition, a judgment nil dicit, and its order setting such judgment aside is discretionary and not appealable.

3. *Mandamus; Purpose of; Judicial Procedure.*—Since an order setting aside a judgment nil dicit is discretionary and not appealable, mandamus may be proper to revise such order.

4. *Same; Discretion of Trial Court; Setting Aside Judgment.*—Mandamus will not lie to reinstate a judgment where the trial court made an order in term time and within thirty days setting aside a judgment nil dicit, as it was discretionary.

Original petition in the Supreme Court.

Petition for mandamus by M. F. Parker and another, to compel the city court of Bessemer to vacate an order setting aside a judgment nil dicit.   Mandamus denied.

ESTES, JONES & WELCH, for appellant.   Mandamus is the appropriate and only remedy in this case.—*Hatchett v. Milner,* 43 Ala. 357; *Broyles v. Maddox,* 44 Ala. 224; *Ex parte North,* 49 Ala. 385; *Heflin v. Rock Mills,* 58 Ala. 613; *O'Neal v. Kelly,* 72 Ala. 559; *Chastain v. Lawrence,* 85 Ala. 215; *Ex parte Tower M. Co.,* 103 Ala. 415; *Brazeal v. New South C. Co.,* 131 Ala. 416; 26 Cyc. 208.   No good cause was shown for setting aside the judgment.—*Traub v. Fabian,* 160 Ala. 210; *Allington v. Tucker,* 38 Ala. 655; *W. U. T. Co. v. Griffin,* 1 Ind. App. 46; 14 Enc. P. & P. 726-732; *Badham v. Lundsford,* 155 Ala. 212; *W. U. T. Co. v. Chamblee,* 122 Ala. 428.

A. Leo Oberdorfer, and Ben F. Perry, for appellee. In the exercise of an irrevisable discretion, the court, within thirty days after its renditon set aside a default judgment, and mandamus will not lie to compel a reinstatement of the judgment.—26 Cyc. 158, and 208; *Holmes v. The State*, 136 Ala. 150; *Ex parte McKissack*, 107 Ala. 493; *Ex parte City of Montgomery*, 24 Ala. 98; *Ex parte L. & N. R. R. Co.*, 44 Ala. 654; *Ex parte Morritt*, 142 Ala. 117; *Ex parte Scuddard-Gayle G. Co.*, 120 Ala. 434. Counsel then draw a distinction between a judgment granting a rehearing within term time and under the four month's statute, and cite.— Sec. 5372, et seq. Code 1907; *Martin v. Hudson*, 52 Ala. 299; *White v. Ryan*, 30 Ala. 390; *Pratt v. Keels*, 28 Ala. 390; *Ex parte North*, 49 Ala. 385. The order made was discretionary.—*Truss v. Birmingham Co.*, 96 Ala. 316; *Allen v. Lathrop-H. L. Co.*, 90 Ala. 490; *Leadbeater v. Vinton*, 18 South. 692.

ANDERSON, J.—A judgment nil dicit was rendered in favor of the petitioners against the Bessemer National Bank on October 19, 1910, and was set aside by the court on the 5th day of November, 1910, upon motion of the defendant. While the judgment rendered was nil dicit, there is no material distinction between it and the judgment by default in effect and operation. — Am. & Eng. Enc. Pl. & Pr. 59; *Grigg v. Gilmer*, 54 Ala. 430. And said judgment having been set aside in term time, and within 30 days after rendition, it was within the control of the court, and it had the discretionary power of setting same aside, and said action is not revisable under the four-month statute for rehearings at law, and which does not apply. Nor can such order support an appeal.—*Truss v. Birmingham*, 96 Ala. 316, 11 South. 454; *Allen v. Lathrop*, 90 Ala. 490,

[Board of Revenue of Jefferson Co., v. State ex rel. City of Birmingham.]

8 South. 129; *Haygood v. Tait*, 126 Ala. 264, 27 South. 842; *Colley v. Spivey*, 127 Ala. 109, 28 South. 574. There being no remedy to revise the order vacating the nil dicit judgment so rendered, mandamus might be the appropriate remedy to revise the action of the court.— *Brazel v. New South Coal Co.*, 131 Ala. 416, 30 South. 832. This question, however, we need not decide; for, if mandamus is the remedy, the order complained of was discretionary with the trial court.—*Allen v. Lathrop, supra; Goodwin v. Harrison*, 6 Ala. 438. And said order will not be revised, unless it appears that the discretion has been abused, which we do not think is the case. The mandamus is accordingly denied.

Mandamus denied.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.