# Greek American Produce Co. v. L. & N. R. R. Co.

## Damage to Goods in Transit.

(Decided May 19, 1911.  55 South. 455.)

1. *Appeal and Error; Assignments; Waiver.*—In an appeal from an order denying a new trial a ground not insisted on or discussed by appellant in brief or argument is waived.

2. *New Trial; Exceptions; Necessity.*—Where to secure the benefit of such rulings by the trial court exceptions duly made at the trial are required, such rulings cannot be brought up for review on a motion for a new trial; nor can such motion be used to review the finding of the court upon the evidence where no exception is reserved to the action of the court in making the finding and rendering judgment thereon, especially where there is other and exclusive methods given to review the decision of the trial court.

3. *Courts; Finding; Review; Exceptions.*—Where no exception was reserved to the conclusion and judgment of the trial court on

the evidence this court will not review such conclusion and judgment on appeal. (Acts 1888-9, p. 800, sec. 7, and p. 998, sec. 11.)

4. *Same; Birmingham City Court; Statutes.*—Section 5361, Code 1907, was passed subsequent to the act regulating the practice and procedure in the Birmingham City Court, and it authorizes a review of the findings of the trial court on the facts without exception taken thereto, but it does not repeal or in any way amend the acts specifically regulating the procedure in such city court and on appeal therefrom.

APPEAL from the Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by the Greek-American Produce Company against the L. & N. R. R. Co. for damages to freight while in transit or before delivery. Judgment for plaintiff and defendant appeals. Affirmed.

JAMES A. MITCHELL, S. B. STERN, and R. J. McCLURE, for appellant. There being no bill of lading in this case the common law governs the liability of the defendant and will be found stated in the following cases: *A. G. S. v. Little,* 71 Ala. 611; *M. & W. P. Co. v. Moore,* 51 Ala. 394; *S. & N. Ala. R. R. Co. v. Heinlein,* 52 Ala. 606; *McCarthy v. R. R. Co.,* 102 Ala. 193; *Steele v. Townsend,* 37 Ala. 247. Where there is no proof to the contrary the law presumes that the goods were in good condition when delivered to the initial carrier and were in like condition when delivered to the connecting carrier. —*M. & W. P. Co. v. Moore, supra; So. Ex. Co. v. Hess,* 53 Ala. 19; *L. & N. R. R. Co. v. Cowherd,* 120 Ala. 58; 83 Am. St. Rep. 675; 6 Cyc. 491; 23 S. W. 801 The burden of proof is always on the carrier to show facts exculpating it from liability.—Authorities supra; *Walters v. A. G. S.,* 39 So. 87. The presumption that the defendant received the goods in good condition is not affected by the fact that the car was sealed when it came to the defendant and that its agents could not see the condition of the contents.—15 N. W. 872; 30 Am. St. Rep. 577. The defendant was not relieved of its duty to

ventilate by the custom attempted to be shown.—*W. Ry. of Ala. v. Hart,* 49 So. 371.

TILLMAN, BRADLEY & MORROW, and CHARLES E. RICE, for appellee. Counsel insist that no exception was reserved to the finding of the trial court on the facts and the judgment rendered thereon and that as this is an appeal from an order granting a motion for a new trial, this court cannot review those things which could be properly presented only by exceptions reserved during the course of the trial. They discuss other matters referred to in brief of counsel for the appellant and insist that they have no particular bearing on the case in hand.

PELHAM, J.—The trial in this cause was had before the court without a jury. Judgment was rendered for defendant (appellee). No exception was taken by the plaintiff (appellant) to the findings or conclusion of the court, nor to the judgment rendered. The plaintiff made a motion for a new trial and duly excepted to the action of the court in overruling the motion, and assigns the action of the court in refusing to grant the new trial as the single proposition for review.

One of the grounds set out in the motion—i. e., newly discovered evidence—is not insisted upon nor discussed by appellant in his brief, and is waived; and the only other grounds raised by the motion for a new trial go to appellant's contention on the motion, which are insisted upon here, that the court erred in not awarding plaintiff a judgment on the evidence adduced upon the trial, and therefore is in error for overruling plaintiff's motion for a new trial.

A motion for a new trial is not the method to pursue to review rulings of the trial court had during the progress of the trial, not excepted to; where exceptions duly

made on the trial are required to secure the benefit of such rulings. Nor can such a motion be used as the instrumentality for review of the trial court's finding upon the evidence, where no exception is reserved to the court's action in making a finding and rendering judgment thereon, when there is another and an exclusive method and authority of law given to review the conclusion and judgment of the trial court.

The sections of the acts regulating the practice and procedure in civil cases relative to appeals and review of the conclusions and judgments of the circuit court of Jefferson county and of the city court of Birmingham (from which this appeal is taken) are the same.—Acts 1888-89, pp. 797-800, and Id. pp. 992-998, § 11. In construing one of these acts, the Supreme Court of Alabama, in the case of *Hood v. Pioneer M. & Mfg. Co.,* 95 Ala. 461, 11 South. 10, has said, speaking through Coleman, J.: "The act to regulate the practice and procedure in civil cases in the circuit court of Jefferson county, and in the Supreme Court on appeal from judgments rendered in said cases (Acts 1888-89, p. 797, § 7), provides that 'either party may, by bill of exceptions, also present on appeal, for review, the conclusions and judgment of the court upon the evidence,' etc. The record fails to disclose that there was any exception reserved to the conclusion and judgment of the court upon the evidence. Not having reserved an exception to the judgment of the court, this court, by the terms of the statute, is without authority to review the correctness of the conclusion and judgment of the court on appeal." · And McClellan, J., in rendering the opinion of the court in *Williams Adm'r v. Woodward Iron Co.,* 106 Ala. 254, 17 South. 517, says: "The only authority of law for a review by this court of the conclusion and judgment of the circuit court of Jefferson, in cases tried as this one

was, is found in that provision of the act to regulate the practice and procedings in that court and in this court on appeal, approved February 28, 1889, which is in these words: 'That in the trial of any cause in said court without a jury, in addition to the questions which may be, under existing laws, presented to the Supreme Court of the state for review, either party may, by bill of exceptions, also present on appeal, for review, the conclusions and judgments of the court upon the evidence,' etc.—Acts 1888-89, pp. 797, 800, § 7. And this being the only authority for the presentation of such conclusions and judgments, it follows, of course, that the mode of presentation prescribed by it is the only one by which we can acquire jurisdiction to consider and pass upon the correctness of such conclusions and judgments. Moreover, had the bill of exceptions shown that a finding was made, and what it was, and what judgment was entered upon it, we would still be without jurisdiction, because it does not appear by the bill that any exception was reserved thereto, as was expressly ruled in *Hood v. Pioneer Mining & Manufacturing Co.*, 95 Ala. 461, 11 South. 10."

The only authorization for reviewing the conclusion and judgment of the trial court in this case being by bill of exceptions, it is therefore exclusive, and, no exception having been reserved to the findings and judgment of the court, we would be without jurisdiction to consider and pass upon the question.

The general statutes as amended (Code 1907, § 5361), passed subsequent to the act regulating the practice and procedure of the city court of Birmingham, authorizes a review of the fidings of the trial court on the facts without an exception taken thereto; but this general law does not repeal, and is in no way amendatory of, the act specifically regulating the procedure in

[Southern Railway Co. v. Hardin.]

such cases in the city court of Birmingham and on appeal.

Affirmed.