# Cameron *v.* Haas Bros. Packing Co.

*Assumpsit.*

(Decided Dec. 21, 1911. Rehearing denied Jan. 30, 1912.
57 South. 388.)

1. *Trial; Conflicting Evidence; Jury Question.*—Where the plaintiff testified that the defendant said she would pay for the goods bought and credit was extended on the faith of such statement, and this evidence was contradicted on every material point, the question was one for the jury.

[Cameron v. Haas Bros. Packing Co.]

2. *Frauds; Statute of; Credit Given to Promissor.*—Where the action was for the price of goods and was against a person other than the one to whom the goods were delivered, and there was no written request or agreement shown that the goods were to be charged against the promisor, evidence that the goods were charged to the person to whom they were delivered, and that the bill was first presented to him for payment, while admissible to show that the goods were not sold on the sole credit of the defendant, is not conclusive thereof.

3. *Same.*—Where the action was for the price of goods, and there was evidence that the goods in question which were delivered to a third person, were sold on the sole credit of the defendant, a finding for the plaintiff would be proper even though there was no written promise to pay the debt.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

Assumpsit by Haas. Bros. Packing Company against Florence M. Cameron. Judgment for plaintiff and defendant appeals. Affirmed.

ERWIN & MCALEER, and TINSDALE J. TOUART, for appellant. The promise, if made, was within the statute of frauds.—*Pake v. Wilson,* 127 Ala. 240. The party has the right to request instructions to the jury based upon hypotheses which the evidence in his favor tends to establish.—*Griel v. Marks,* 51 Ala. 566; *Bibb v. Mitchell,* 58 Ala. 657; *Bates v. Hart,* 124 Ala. 427.

ELLIOTT G. RICKARBY, and LEIGH & CHAMBERLAIN, for appellee. The court did not err in refusing charge 3 requested by the defendant.—*Clark v. Jones,* 87 Ala. 474; *Fuller v. Gray,* 124 Ala. 388; *Smith Bros. v. Miller,* 152 Ala. 485. The fact that the goods were charged to the new Waldorf Cafe is not conclusive of the fact that the credit was not extended solely to defendant.— *Steen v. Sanders,* 116 Ala. 155; *Sanford v. Howard,* 29 Ala. 684; *Ledlow v. Beckton,* 36 Ala. 596. The other charges were requested in bulk and as some of them are evidently bad, it is evident that the court was not in

error in refusing them.—*So. Ry. Co. v. Douglass,* 144 Ala. 351.

DE GRAFFENRIED, J.—It appears from the evidence in this case that the New Waldorf Cafe was furnished a lot of meat by the appellee at various times during the years 1910 and 1911, and that the meats so furnished the cafe were charged on the books of appellee to the New Waldorf Cafe. It further appears that the appellant is the mother of C. S. Cameron, and that some time in the early part of the year 1910 the said C. S. Cameron bought the New Waldorf Cafe from its then proprietor, and continued the business until shortly before this suit was brought. C. S. Cameron appears to have been the only son of his mother, and she seems to have furnished the money for the purchase of the cafe, and to have employed herself about the business, acting, usually, in the capacity of cashier. It further appears from the evidence that Mell Worthington was an employe of appellee, and that it was through him that the arrangements were made for the sale by appellee of meats to the New Waldorf Cafe. On this subject, his testimony was as follows: "I know Mrs. Florence Cameron, the defendant, and she did have a conversation with me in reference to buying meats for the New Waldorf Restaurant. She said she would pay for the meats that were furnished. She promised to pay for the meats that were furnished to the New Waldorf Restaurant by Haas Bros. Packing Company. That conversation was either before or just after they taken charge of the place; it was in the first two or three days. The account that was made within the first two or three days has been settled, and it was on the promise that she would pay that we continued to furnish the meats. She taking part in the conduct of the business. She acted as cashier,

and I have seen her locking up the place at night, and I have seen her give orders to help about what they should do. I have had no conversation with her relative to the balance due, and I have made no attempt to collect it.  *   *   *  Under the agreement I had, the mother was to pay for the meats.  *   *   *  She said that if the meats were furnished she would pay for them herself. She did say that she would see them paid. She also said she would pay them."

The above evidence was before the jury, and while it was contradicted in every material point, its credibility was for the jury, and if they believed it they had a right to use it as a basis upon which to found their verdict. At the conclusion of the courts oral charge to the jury, and before the jury retired, the appellant, in writing, requested the court to give the following charge to the jury: "The court charges the jury that if they are reasonably satisfied by the evidence that the business conducted under the name of the New Waldorf Cafe was that of C. S. Cameron, and that the defendant had no interest in such business, and that such facts were known to Haas, and thereafter the goods were sold to and charged to the New Waldorf Cafe, that the defendant would not be liable for such goods so sold to such cafe, unless defendant gave a written promise to pay such debt." The court refused to give this charge to the jury, and the appellant reserved an exception to the action of the court in so doing.

In the case of *Pake v. Wilson*, 127 Ala. 240, 28 South. 665, the Supreme Court say: "It has been settled and is well understood, in cases like this, that if the goods were sold on the *sole* credit of the defendant, his promise is original, and not within the statute; but if any credit was given to the person to whom the goods were delivered the promise is collateral, and within the stat-

ute of frauds." The same principles are announced in the following other well-considered cases: *Fuller v. Gray*, 124 Ala. 388, 27 South. 458; *Webb v. Hawkins L. Co.*, 101 Ala. 630, 14 South. 407; *Smith Bros. & Co. v. Miller*, 152 Ala. 485, 44 South. 399; *Clark v. Jones & Bro.*, 87 Ala. 474, 6 South. 362.

In cases like the present, it is material to know to whom the goods were charged on the plaintiff's books, and to whom the bill was first presented for payment, whether to the defendant or to the party to whom they were actually delivered. But, though the debiting of the third party on the plaintiff's books and the presentation of the account to him for payment may be given in evidence *against* the plaintiff, nevertheless such evidence is not *conclusive* evidence against the right of the plaintiff to recover, in the absence of a written agreement by the defendant to pay the debt. Such evidence tends to show that the plaintiff gave credit to the third party, but is not conclusive evidence that he did so.—Brown on the Statute of Frauds, § 188.

It is evident that the jury, from the evidence of Mell Worthington, which we have above quoted, were (if they believed that evidence) authorized to infer that the goods sold by appellee to the New Waldorf Cafe were sold upon the sole credit of the defendant; and it is therefore apparent that the court below committed no error in refusing to give to the jury the charge above quoted.—*Pake v. Wilson, supra.*

There is no error in the record, and the judgment of the court below is affirmed.