# Wilkins v. Windham, *et al.*

### Assumpsit.

(Decided November 24, 1916. 73 South. 29.)

**Judgment; Nil Dicit; Setting Aside; Discretion of Court.**—Under §§ 7, 12 and 23, Acts 1907, p. 562, it was within the discretion of the judge of the Mobile Law and Equity Court to set aside a judgment nil dicit on motion, and to grant a new trial within 30 days from the date of the judgment, and such action of the court is not reviewable on appeal.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Assumpsit by D. A. Wilkins against Robert Windham and others. There was judgment nil dicit for plaintiff, which on motion and affidavit of defendant, was set aside and a new trial ordered, and plaintiff appeals. Affirmed.

Transferred from the Court of Appeals.

T. T. SHEPARD, for appellant. ERVIN & McALEER, for appellee.

GARDNER, J.—A judgment nil dicit was recovered by the appellant against the appellees in the court below on December 18, 1915, and motion was made by defendants on December 21, 1915, to have the said judgment set aside and a trial awarded defendants on the merits of the cause.

On January 3, 1916, a judgment was entered, setting aside the judgment nil dicit and granting a trial upon the merits of the cause on certain conditions, not necessary to state. From this judgment the plaintiff prosecutes this appeal. Affidavits are copied in the record, as having been filed on the hearing of said

motion in support thereof, and setting up a defense to said suit, but there is no bill of exceptions in the çause. The law and equity court of Mobile was established by the act of August 6, 1907 (Gen. Acts 1907, p. 562).

The provisions of section 12 of said act, in regard to the discretion of the court in setting aside judgments by default, and those of section 23 providing that final judgments rendered in said court, after the expiration of 30 days from their rendition, shall be deemed as completely beyond the control of the court as if the term of said court had ended, are in all respects similar to the provisions of the Practice Act, governing proceedings in the circuit court of Jefferson county, found set out in the recent case of *Ex parte Doak*, 188 Ala. 406, 66 South. 64.

Section 7 of the act establishing this court provided for one term thereof per year, beginning on the first Monday of October and continuing until, and including, July 31st next following.

A judgment nil dicit was rendered in this cause against the defendants on December 18, 1915, and motion made to set the same aside within 3 days thereafter; and the order of the court setting aside the said judgment and granting a trial upon the merits was entered within less than 30 days from its rendition. Such an order was within the sound judicial discretion of the court. Under the facts, as here disclosed, and under the ruling of this court, it is not revisable by appeal.

In *Ex parte Parker*, 172 Ala. 136, 54 South. 572, it was held that there was no material distinction between a judgment nil dicit and a judgment by default, and that such a judgment having been set aside in term time, and within 30 days after rendition, it was within the control of the court and in the exercise of its discretionary powers, and that such an order did not support an appeal. Citing among other cases *Truss v. Birmingham, etc., R. R. Co.*, 96 Ala. 316, 11 South. 454; *Allen v. Lathrop, etc.*, 90 Ala. 490, 8 South. 129.

The case of *Ex parte Parker, supra,* is directly in point, and was cited in the more recent case of *Ex parte Doak, supra.* Upon the authority of these cases therefore, it results that the appeal must be dismissed.

Appeal dismissed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.