(89 South. 88)

## Ex parte JOHN F. BYERS MACH. CO.
### (6 Div. 823.)

(Court of Appeals of Alabama. Jan. 18, 1921. Rehearing Denied April 5, 1921.)

**1. Judgment ⊂⇒92—No material distinction between judgment nil dicit and judgment by default.**

As a general rule there is no material distinction between a judgment nil dicit and a judgment by default.

**2. Judgment ⊂⇒158—Court cannot entertain motion to set aside default, unless movant accompanies application with affidavit.**

When a party defendant does not plead or demur to the complaint within 30 days, plaintiff is entitled to a judgment by default, and, on its being entered, the judge presiding cannot entertain motion to set the judgment aside, unless movant complies with Acts 1888–89, p. 797, by accompanying his application by an affidavit by himself or his attorney that, in the belief of affiant, defendant movant has a lawful defense to the suit; in other cases, and within 30 days from the rendition of the judgment in the term time, whether by default or nil dicit, the judgment is within the control of the court, and it has the discretionary power of setting such judgment aside, with or without affidavits, and such action is not revisable.

Petition of the John F. Byers Machine Company for a writ of mandamus, to be directed to Hon. C. B. Smith, as judge of the Tenth Judicial Circuit, requiring him to set aside an order granting a new trial and restoring a case to the docket styled "John F. Byers Machine Company v. Newell Contracting Company." Writ denied.

Certiorari denied 206 Ala. 65, 89 South. 89.

London, Yancey & Brower, of Birmingham, for appellant.

Under section 1, Practice Act for Jefferson County (Acts 1888–89, p. 797), the court cannot set aside a judgment by default or nil dicit, without the applicant brings himself within the terms of the statute. 130 Ala. 189, 29 South. 622. There is no substantial difference between a judgment nil dicit and by default. 172 Ala. 136, 54 South. 572; 197 Ala. 510, 73 South. 29; 88 Ala. 434, 7 South. 249; 8 Ala. 544.

C. C. Nesmith, of Birmingham, for appellee.

No brief reached the Reporter.

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

SAMFORD, J. Petitioner on December 23, 1919, filed his suit in the circuit court of Jefferson county declaring on two promissory notes. Within 30 days defendant filed a demurrer to the complaint, as required by law. The cause was set for trial, and on June 24, 1920, the cause being reached for trial and the defendant being called, failed to answer further than by the demurrer already filed, judgment was entered nil dicit, and plaintiff was allowed to prove his damages before the jury. On June 25th motion was made by the defendant to set aside the judgment nil dicit and that the cause be reinstated on the docket. On June 26th this motion was granted. This petition is filed to compel the judge of the circuit court to set aside the order granting the motion.

It is insisted by petitioner that the judge of the circuit court was without jurisdiction to grant this order, because defendant failed to comply with that part of the Practice Act for the county of Jefferson requiring applications to set aside judgments by default, entered in accordance with the provisions of the act, to be accompanied by an affidavit made by the defendant or his attorney to the effect that, in the belief of affiant, the defendant has a lawful defense to such suit. Acts 1888-89, p. 797. The part of the act pertinent to this case is quoted in Ex parte Doak, 188 Ala. 410, 66 South. 64.

[1, 2] The petitioner in this case seeks to enforce the provisions of a statute which curtails the power of the trial court as theretofore existing, and without which the action of the trial court in setting aside the judgment nil dicit would not be revisable. To do this, he must bring himself within the terms of the statute, and, if he fail, this court will not, by construction, extend the provisions of the act, so as to take away from the trial courts of Jefferson county that discretionary power so necessary in the due and wise administration of justice. As a general rule there is no material distinction between a judgment nil dicit and a judgment by default. Ex parte Parker, 172 Ala. 136, 54 South. 572. But we think the Practice Act above referred to makes this distinction. When a party does not plead or demur to a complaint within 30 days, the plaintiff is entitled to a judgment by default, and, upon its being entered, the judge presiding could not entertain a motion to set the judgment aside unless the movant complied with the statute. In other cases, and within 30 days from the rendition of the judgment in term time, whether by default or nil dicit, the judgment is within the control of the court, and it has the discretionary power of setting such judgments aside, with or without affidavits, and such action is not revisable. Ex parte Parker, 172 Ala. 136, 54 South. 572; Wilkins v. Windham, 197 Ala. 510, 73 South. 372.

The writ of mandamus is denied.