Ex parte STATE ex rel. HARLE HAAS CO.
(6 Div. 308.)

(Court of Appeals of Alabama. July 10, 1923. Rehearing Denied Oct. 16, 1923.)

Judgment ☞158—Default judgment set aside without affidavit of merit, when demurrer filed in time.

Where a demurrer had been filed within thirty days after service, the time allowed a defendant by Practice Act to appear and demur or plead, it was the duty of the presiding judge under that statute to set aside a default judgment without the statutory affidavit of merit, since the entry of such judgment was reversible error.

Original petition by the State of Alabama, on the relation of the Harle Haas Company, for mandamus to Hon. Roger Snyder, as Judge of the Circuit Court, Jefferson County. Writ denied.

Thompson & Thompson, of Birmingham, for petitioner.

The court was without jurisdiction to entertain or set aside the judgment by default, without an affidavit of merit having been filed and accompanying the motion to set aside said judgment by default, and the action of the court in assuming jurisdiction in the instant case is absolutely void. Ex parte Payne, 130 Ala. 189, 29 South. 622; Ex parte John F. Byers Mch. Co., 18 Ala. App. 78, 89 South. 88; Ex parte Doak, 188 Ala. 406, 66 South. 64. The remedy of the aggrieved party under circumstances outlined is by mandamus.

Coleman, Coleman, Spain & Stewart, of Birmingham, for respondent.

Within 30 days from the rendition of the judgment in the term time, whether by default or nil dicit, the judgment is within the control of the court, and it has the discretionary power of setting such judgment aside, with or without affidavits, and such action is not revisable. Ex parte John Byers, Machine Co., 18 Ala. App. 78, 89 South. 88; Id., 206 Ala. 65, 89 South. 89; Ex parte Parker, 172 Ala. 138, 54 South. 572; Wilkins v. Windham, 197 Ala. 510, 73 South. 29; Talladega Merc. Co. v. McDonald, 97 Ala. 508, 12 South. 34; Sparks v. Reeves, 165 Ala. 358, 51 South. 574; Ex parte Doak, 188 Ala. 415, 66 South. 64.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

SAMFORD, J. Petitioner, as plaintiff, on September 9, 1922, filed his suit in assumpsit, in the circuit court of Jefferson county, against S. A. Merriam, claiming $737.92 on the common counts, and service was had and return made on September 25, 1922. Said cause was set for hearing for February 14, 1923, before Hon. Roger Snyder, one of the judges of the Tenth judicial circuit, and on that day, upon motion and application of plaintiff, judgment by default was entered and rendered against defendant for the amount sued for and interest. On February 16, 1922, the defendant, through his attorney, filed a motion in said court to set aside said judgment by default, assigning as one of the grounds of the motion:

"This defendant had filed with the clerk of the circuit court of Jefferson county, its demurrers in said cause, within thirty days from the date of the service of the summons and complaint on defendant, and this defendant was not in default in said cause."

Of this motion plaintiff had notice. The motion was by proper entries and orders continued to the 3d day of March, 1923. On that day the judge presiding (this respondent) entered an order granting the motion, setting aside the judgment by default and reinstating the case to the trial docket. This petition seeks to compel the respondent to set aside the last-named order.

The Practice Act, governing proceedings in the circuit court of Jefferson county (Acts 1888–89, p. 797) contains these pertinent provisions:

"And in all cases, whether commenced by summons and complaint, attachment, or otherwise, any defendant failing for more than thirty days after service has been perfected upon him to appear and demur or plead, shall be held to be in default, and, at any time thereafter, judgment by default, on motion of the plaintiff, may be rendered against him; provided, however, that the court may, for good cause shown, allow such judgment so obtained by default to be set aside, and demurrer or pleas to be filed, on such terms as the court may think just; but no application to set aside such judgment, unless it be for some reversible error committed in the rendition thereof, shall be entertained by the court, unless accompanied by an affidavit made by the defendant or his agent or attorney to the effect that, in the belief of the affiant, the defendant has a lawful defense to such suit. * * * That final judgments rendered in said court shall, after expiration of thirty days from their rendition, be taken and deemed as completely beyond the control of the court, as if the term of said court at which said judgments are rendered had ended at the end of said thirty days; provided, however, that nothing herein contained shall prevent parties from applying for new trials or rehearings, * * * when so made, or shall prevent parties from applying to said court for rehearings under the statute authorizing applications for rehearings in the circuit court, or shall prevent the court from retrying

19 ALA.APP.—26

any cause under section 2871 of the Code of Alabama, or shall prevent the court from the exercise of any power or jurisdiction conferred upon the circuit court touching final judgments."

This part of the act has several times been the subject of construction by the Supreme Court and this court. Ex parte Doak, 188 Ala. 406, 66 South. 64; Wilkins v. Windham, 197 Ala. 510, 73 South. 29; Ex parte Parker, 172 Ala. 136, 54 South. 572; Ex parte Byers Mach. Co., 18 Ala. App. 78, 89 South. 88; Ex parte Payne, 130 Ala. 189, 29 South. 622. In all of these cases it is either held or recognized that petitioner has pursued the proper remedy, if he is entitled to the relief he seeks.

The respondent, in his amended answer, which is properly verified, says, it was ascertained and determined by the court that:

"The defendant in the cause had, within thirty days from the service of the summons and complaint, filed demurrers to said summons and complaint."

Petitioner insists however that the motion to set aside the judgment cannot be considered by the court, in the absence of an accompanying affidavit of merit, as is provided for by the Practice Act, supra. Acting within the thirty days allowed by law, during which the judgments rendered are in the breast of the court, except as otherwise limited by statute, the court in this case could certainly have acted on its discretionary powers, unless the letter of the statute takes away its jurisdiction.

To determine this we must look to the act itself to see just what powers are taken away from the trial court, by a statutory limitation of its discretionary powers necessary in the due and wise administration of justice. When a judgment by default has been obtained in accordance with the terms of the Practice Act, supra, a motion to set aside must be accompanied by an affidavit of merit, as is nominated in the statute. Ex parte Byers Mach. Co., supra; Ex parte Payne, supra. But, in giving to the plaintiff this statutory right, we must be careful to see that the rights of the defendant are as carefully guarded, and to that end the discretionary power of the trial court over its judgments will be preserved to the full limit as curtailed by the statute. Before the plaintiff was entitled to a judgment by default, the defendant must have failed, for more than thirty days after service had been perfected upon him, to appear and demur or plead. If he did demur or plead in the time allowed by law, he was not in default, and no default judgment could be rendered against him. On the hearing of the motion, as is shown by the amended answer of respondent, it was ascertained that demurrer had been filed in time, and therefore it became the duty of the presiding judge to grant the motion setting

aside the default judgment, without an accompanying affidavit of merit. The action of the court in entering the judgment by default constituted reversible error. Ex parte Haynes, 140 Ala. 196, 37 South. 286; Ex parte Byers Mach. Co., supra.

The petition for writ of mandamus is denied.